MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Criminal Chief

OWEN P. MARTIKAN  (177104)
Assistant United States Attorney

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-mail: owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY LEE HARDEMAN,<br><br>    Defendant. | CR No.  10-0859 RS<br><br>STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER RE: RULE 6(e) MATERIAL PERTAINING TO JUVENILE |

    Plaintiff, United States of America, by and through MELINDA HAAG, United States Attorney for the Northern District of California, and OWEN P. MARTIKAN, Assistant United States Attorney for the  Northern District of California, and the defendant, GARY LEE HARDEMAN, and his attorney DANIEL BLANK, hereby stipulate and agree as follows:

    WHEREAS the defendant is charged in a two count Indictment charging violations of Title 18, United States Code, sections 2423(c) and 2260A, and the latter charge is currently the subject of a government appeal.  In connection with this Indictment, the United States is in possession of a grand jury transcript of the testimony of the juvenile identified herein as R.G.

1  The Court has ordered the United States to produce this transcript to the defense pursuant to Fed.
2  R. Crim P. 6(e)(3)(E).
3      WHEREAS pursuant to Title 18, United States Code, section 3509(d), an Attorney for the
4  Government is required to take measures to maintain the confidentiality of documents and other
5  materials that disclose the identity of a child victim or witness, including the preparation of a
6  proposed protective order that may "provide for any other measures that may be necessary to
7  protect the privacy of the child" victim or witness.  18 U.S.C. § 3509(d)(3).
8      WHEREAS in order to comply with Title 18, United States Code, section 3509(d), and to
9  allow the defendant the greatest opportunity to prepare an effective defense in preparation for
10 trial in this matter, the United States and defendant agree that disclosure of the records covered
11 hereunder are subject to the following restrictions:
12          IT IS HEREBY STIPULATED AND AGREED:
13 1.   The provisions of this Interim Protective Order applies to the grand jury testimony of the
14 juvenile identified herein by the initials R.G. (the Covered Record), which will be produced to
15 defense counsel by the United States upon the filing of this stipulation.
16 2.   The following individuals (the "defense team") may examine the Covered Record for the
17 sole purpose of preparing the defense and for no other purpose:
18     a.   Counsel for defendant;
19     b.   Persons employed by defense counsel who are assisting with the preparation of
20          the defense;
21     c.   Any expert retained on behalf of the defendant to assist in the defense of this
22     matter; and
23     d.   Any investigator retained on behalf of defendants to assist in the defense of this
24          matter.
25 3.   Until further Order of the Court, the Covered Record may not be disclosed to the
26 Defendant.
27 4.   The defense team agrees that any disclosure of the Covered Record pursuant to this Order
28 will only be used for purposes of conducting this litigation, that its contents will not be made

STIP & [PROPOSED] PROT. INTERIM PROT. ORDER
CR No. 10-0859 RS                                                                              2


1 public, or be made part of any public filing, either in whole or in part, without first seeking an
2 order from the Court regarding the intended disclosure, and that at the conclusion of this case, the
3 defense team will destroy or return to an attorney for the government all copies of the Covered
4 Record that may come into the defense's possession.  By agreeing to these restrictions, the
5 defense team does not make any concessions regarding the use of the Covered Record at trial.

6 5.     Any disputes concerning this Stipulation and Interim Protective Order shall be resolved
7 by this Court only after counsel for the United States and defendant have first conferred and
8 attempted to resolve the dispute.

SO STIPULATED:

                                  MELINDA HAAG
                                  United States Attorney

DATED: October 21, 2011                    /s/
                                  OWEN P. MARTIKAN
                                  Assistant United States Attorney

DATED: October 21, 2011                    /s/
                                  DANIEL BLANK
                                  Attorney for Gary Hardeman

SO ORDERED.

DATED: 10/24/11

                                  HONORABLE RICHARD SEEBORG
                                  United States District Court Judge