1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9        SAN FRANCISCO DIVISION
10
11   UNITED STATES OF AMERICA,                No. C 10-00859 RS
12                   Plaintiff,               **ORDER DENYING MOTION FOR**
                                              **RECONSIDERATION AND MOTION**
13         v.                                 **TO DISMISS INDICTMENT**
     GARY LEE HARDEMAN,
14
15                   Defendant.
16   _____/
17
18        Defendant Gary Hardeman has now added three motions to the long list defendant has
19   thus far filed in this action.  The first, a motion for a bill of particulars as to Count One, was
20   resolved at oral argument on April 22, 2013.  The government represented that it intends to prove
21   a violation of only subsection (1) under18 U.S.C. § 2246(2), that it will not pursue a theory of a
22   commercial sex act under 18 U.S.C. § 1591, and that is will pursue a basis for conviction both on
23   attempt and completed criminal conduct.  As this information addresses defendant's concern in
24   his request for a bill of particulars, it need not be addressed further.  Defendant's second motion
25   seeks reconsideration of this Court's previous denial of defendant's motion to dismiss for
26   prejudicial delay and adds the argument that delay arising from post-accusation events similarly
27   warrants dismissal.  Finally, defendant moves to dismiss Count II of the superseding indictment
28

resulting from specific performance of defendant's underlying state court plea bargain.  For the following reasons, motions two and three must be denied.

### A.   Motion to Reconsider Denial for Prejudicial Delay

Defendant moves for reconsideration of this Court's order denying defendant's motion to dismiss the indictment due to prejudicial delay, arguing that, since that order, new facts have emerged that demonstrate he has been prejudiced.  Under Northern District of California Local Rule 7-9(b)(2), reconsideration of a motion already litigated is permitted upon the "emergence of new material facts."  Previously, this Court found unconvincing defendant's arguments that pre-indictment delay resulted in the inability to obtain a psychiatric evaluation of the alleged minor victim and the loss of potential witnesses and records from the Salvation Army Shelter where she was taken immediately after the events in question.  The government opposes defendant's motion on the grounds that the "new fact" alleged is not material to this Court's reason for denying the previous motion.

Defendant additionally argues that he has been prejudiced by post-accusation delay.  The government responds that any such delay has been caused by defendant's own motion practice and the government's successful appeal to the Ninth Circuit.

### 1.   Pre-Indictment Delay

The Ninth Circuit has adopted a two-prong test for determining whether pre-indictment delay violates a defendant's due process rights.  *See United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992).  The first requires the court to determine whether the defendant suffered actual, non-speculative prejudice as a result of the delay.  *See id.*   Actual prejudice constitutes either the loss of witnesses or physical evidence, or the impairment of their use.  *United States v. Mays*, 549 F.2d 670, 677 (9th Cir. 1977).   If prejudice is established, the court must then balance the length of the delay against any reasons for it to determine whether "those fundamental conceptions of justice which lie at the base of our civil and political institutions" have been

ORDER DENYING MOTION TO RECONSIDER AND MOTION TO DISMISS

offended.  *Huntley*, 976 F.2d at 1290 (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1992).

Defendant contends the grand jury testimony of the alleged victim, which the government subsequently has disclosed, reveals actual prejudice resulting from the loss of the shelter witnesses and records, as the victim testified that she "told 'em everything, the whole story." Defendant asserts that this new information is critical because the government's entire case rests on the testimony of the alleged victim, and in this grand jury testimony she represents for the first time that she told shelter workers what happened to her.  Thus, defendant concludes, the prejudice resulting from the loss of the shelter workers' testimony has shifted from being speculative to actual.  Without being able to interview those shelter workers, he contends, no evidence is available to rebut the victim's post-hoc claim that she reported being raped by defendant shortly after the event occurred.  The substance of any testimony that the workers may have been able to provide, however, remains entirely speculative.  In fact, the victim in her grand jury testimony never specified what she told those shelter workers if it indeed related to the alleged rape at all.  Defendant has not satisfied his burden to show non-speculative prejudice. Alternatively, defendant requests that the government be precluded from introducing evidence that the alleged victim told shelter workers she was raped.  For the same reasons there is no basis on which to dismiss the indictment, there is similarly no basis on which to exclude such testimony, and the request must therefore be denied.

Defendant also notes that, since the events in question, he has lost two important defense witnesses who would provide evidence as to defendant's innocent motivations for traveling to Mexico: his father has died, and his mother is no longer competent to testify.  While it is far from clear that this testimony would be admissible in the first instance, even if so, defendant has not demonstrated actual prejudice from the loss of these two witnesses.   The relevance of the proposed testimony is tangential at best, given that the crime for which defendant has been charged does not require the government to prove any motivation or intent whatsoever.  To the

ORDER DENYING MOTION TO RECONSIDER AND MOTION TO DISMISS

3

extent that these witnesses would testify to defendant's pattern of routine travel, other forms of evidence presumably would be available.  Defendant has not presented any new facts sufficient to alter this Court's previous denial of the motion to dismiss the indictment due to pre-indictment delay.

### 2. Post-Accusation Delay

The standard for post-accusation delay under the Speedy Trial Clause of the Sixth Amendment involves a balancing test of four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (footnote omitted).  Depending on the nature of the charges, "courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (citations omitted).  Defendant argues that, as 56 months have passed since the filing of the first indictment, and 28 months have passed since the filing of the operative indictment, the post-indictment delay is presumptively prejudicial.

Defendant's calculations are flawed.  Unless bad faith is demonstrated, when the government dismisses an indictment and recharges defendant based on the same conduct, the time between the dismissal and the reinstatement of charges does not count under the Speedy Trial Clause. *United States v. MacDonald*, 456 U.S. 1, 8-9, 10 n.12 (1982).  Defendant argues the government's dismissal of the charges just days before trial was done in bad faith.  The government, however, explains the present case is entirely different from the one previously charged under 18 U.S.C. § 2250 for failure to register as a sex offender.  Leading up to trial in that case the prosecutor decided to dismiss the charges.  Meanwhile, the government continued to collect evidence in this, more complicated, case brought under 18 U.S.C. § 2246.  The Ninth Circuit has made clear that charging a defendant with one crime while continuing to investigate another arising out of the same set of facts does not amount to bad faith. *United States v. Wallace*, 848 F.2d 1464, 1469 (9th Cir. 1988).  Defendant has shown no evidence on which to

ORDER DENYING MOTION TO RECONSIDER AND MOTION TO DISMISS

1  find the government acted for tactical advantage in choosing to seek and obtain the indictment of

2  defendant on different charges at a later date. *Id.*

3       When considering only the 28 months that have passed since the present indictment was

4  filed, the bulk of the post-accusation time has taken the form of defendant's own motion

5  practice, or the government's successful interlocutory appeal to the Ninth Circuit.  Neither of

6  these reasons for delay can be counted against the government.  About eight months have been

7  spent on defendant's interesting, but extensive and seriatim motion practice.  An additional

8  fifteen months were consumed by an interlocutory appeal regarding Count II.  The government

9  has demonstrated that this interlocutory appeal was justifiable and thus the time cannot count

10  against it. *United States v. Loudhawk*, 474 U.S. 302, 315 (1986) (considering several factors to

11  determine whether an interlocutory appeal is justified, including "strength of the government's

12  position on the appealed issue, the importance of the issue in the posture of the case, and – in

13  some cases – the seriousness of the crime.") (citing *United States v. Herman*, 276 F.2d 1139,

14  1146 (CA5 1978).  First, the government has shown it had a strong position on the issue, as the

15  Ninth Circuit reversed this Court's ruling in a published 3-0 opinion.  Indeed, as a result,

16  defendant faces the prospect of a significantly increased sentence in the event of conviction.

17  Finally, there is no doubt that the crimes charged are extremely serious.  Accordingly, 23 of the

18  28 months since the indictment was filed cannot count against the government.

19       The government explains that, of the remaining five months, one month was spent

20  transporting defendant from Hawaii, one month passed before defendant's initial appearance,

21  and two months were spent preparing motions.  None of these blocks of time are unreasonable or

22  operated to prejudice defendant.  Accordingly, no post-accusation delay justifies the dismissal of

23  the indictment.

24            *3.   Motion to Dismiss Count II*

25       Defendant asserts that he is entitled to specific enforcement of two plea bargains entered

26  into in California state court and that, as a result, Count Two should be dismissed.  While

27

28
                    ORDER DENYING MOTION TO RECONSIDER AND MOTION TO DISMISS

defendant acknowledges the Ninth Circuit reversed this Court's dismissal of Count Two under the ex post facto clause, he notes the door was left open for other due process claims, including the right to enforce the terms of a plea agreement. According to those agreements, he contends, his convictions should be expunged and he should thereby be relieved of his duty to register as a sex offender if he successfully completed the obligations imposed on him.

Defendant notes that oral, as well as written, agreements are binding contracts enforceable in court. *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003). As such, he argues, the implicit oral promises made during the course of the plea bargaining process, apparently by the state court rather than the prosecutor, must be enforced. In so arguing, defendant relies heavily on *People v. Arata*, 151 Cal. App. 4th 778 (CA 4 2007), in which the defendant was told his crimes would be expunged under a state law that was changed after his conviction and sentencing. *Id.* at 282. The California appellate court found that the plea agreement contract was binding, even if the prosecutor had no right to make the promise he did. *Id.* at 1161 (citing *United States v. Anderson*, 970 F.2d 602, 607 (9th Cir. 1992). In that case, however, a transcript indicated the prosecutor had indeed made such a promise. Here, in contrast, defendant can point to no evidence, either written or recorded in testimony, to suggest that an understanding was reached between the parties that defendant should be relieved of his obligation to register as a sex offender. Additionally, in *Arata*, the defendant was provided the benefit of avoiding jail time, which the court found to be an indication that the prosecution intended to strike a lenient bargain. The court concluded the implied promise flowed from that bargain. In the state court proceeding here, on the other hand, the prosecution argued for jail time, a recommendation the court ultimately did not take, giving no indication the prosecution intended any such lenient bargain. While defendant bases his argument on an interpretation of the plea agreement as functioning as a contract between the defendant and the court, as opposed to defendant and the prosecutor, he points to no authority or facts to support such a theory. Moreover, the state of the law on whether implicit conditions are binding despite subsequent changes in state law is

ORDER DENYING MOTION TO RECONSIDER AND MOTION TO DISMISS

unclear, as demonstrated by the absence of a ruling by the California Supreme Court on a question certified to it by the Ninth Circuit.  *See Doe v. Harris*, 640 F.3d 972 (9th Cir. 2011).

Even if defendant were correct in asserting that he had an implicit agreement with the state that he would be relieved of his duty to register as a sex offender, he could not enforce that agreement in federal court.  The authority on which defendant relies for the proposition that a federal court must enforce the terms of a state plea agreement are habeas cases, in which the federal court sits as a constitutional reviewer of the state court process.  *See, e.g., Poole*, 337 F.3d 1155; *Davis v. Woodford*, 446 F.3d 957 (9th Cir. 2006); *Buckley v. Terhune*, 441 F.3d 688 (9th Cir. 2006).  That situation simply is not analogous to the present one, in which defendant seeks to obtain the benefit of an alleged bargain made in state court to thwart a prosecution on federal charges in federal court.  Accordingly, defendant's motion to dismiss Count Two must be denied.

IT IS SO ORDERED.

DATED:   4/26/13

RICHARD SEEBORG
United States District Judge

ORDER DENYING MOTION TO RECONSIDER AND MOTION TO DISMISS