1    STEVEN G. KALAR
       Federal Public Defender
2    DANIEL P. BLANK
       Assistant Federal Public Defender
3    450 Golden Gate Avenue
       San Francisco, CA 94102
4    Telephone: (415) 436-7700

5    Counsel for Defendant HARDEMAN

7                     IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN FRANCISCO DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-0859 RS |
| ) | |
| Plaintiff, ) | MOTION IN LIMINE TO EXCLUDE |
| ) | OTHER ACTS EVIDENCE UNDER RULE |
| v. ) | 404(b) |
| ) | |
| GARY HARDEMAN, ) | Honorable Richard Seeborg |
| ) | July 10, 2013 |
| Defendant. ) | 2:00 p.m. |
| _____ ) | |

LIMINE TO EXCLUDE OTHER ACTS 404(b)

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    OTHER ACTS EVIDENCE GENERALLY DISFAVORED UNDER RULE 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    THE GOVERNMENT HAS NOT TIMELY NOTICED OTHER ACTS EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    III.    COURT SHOULD EXCLUDE OTHER ACTS EVIDENCE FROM TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    Prior Expunged Convictions and Alleged Underlying Conduct . . . . . . . . 7

        B.    Possession of Suspected Child Pornography . . . . . . . . . . . . . . . . . . . . . . . 9

        C.    Alleged Internet Searches . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        D.    Book and Other Writings Attributed to Mr. Hardeman . . . . . . . . . . . . . . 11

        E.    Alleged Racist Remark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Canizio v. New York*,
    327 U.S. 82 (1946) .................................................. 8

*Cassett v. Stewart*,
    406 F.3d 614 (9th Cir. 2005) ........................................ 8

*Huddleston v. United States*,
    485 U.S. 681 (1988) ................................................ 4

*United States v. Brooke*,
    4 F.3d 1480 (9th Cir. 1993) ........................................ 2

*United States v. Curtin*,
    489 F.3d 935 (9th Cir. 2007) ............................... 5, 6, 12, 13

*United States v. Hardeman*,
    2011 WL 1496048 (N.D. Cal. Apr. 20, 2011) .......................... 8

*United States v. Hill*,
    953 F.2d 452 (9th Cir. 1991) ....................................... 1

*United States v. Lemay*,
    260 F.3d 1018 (9th Cir. 2001) .............................. 9, 10, 11, 12

*United States v. Lewis*,
    787 F.2d 1318 (9th Cir. 1986) ..................................... 6, 7

*United States v. Luna*,
    21 F.3d 874 (9th Cir. 1994) ........................................ 4

*United States v. Mayans*,
    17 F.3d 1174 (9th Cir. 1994) .................................... 1, 2, 4

*United States v. Mehrmanesh*,
    689 F.2d 822 (9th Cir. 1982) ..................................... 2, 5

*United States v. Morley*,
    199 F.3d 129 (3rd Cir. 1999) ..................................... 3, 5

*United States v. Nguyen*,
    465 F.3d 1128 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Spinner*,
    152 F.3d 950 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Vega*,
    188 F.3d 1150 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Vizcarra-Martinez*,
    66 F.3d 1006 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Waters*,
    627 F.3d 345 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

**FEDERAL STATUTES**

Fed. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Evid. 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Fed. R. Evid. 410(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Evid. 413(b), 414(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Evid. 413(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**INTRODUCTION**

Defendant Gary Hardeman moves under Federal Rules of Evidence 404(b) and 403 to exclude from trial all "other acts" evidence. The Ninth Circuit has made clear that such evidence is generally disfavored, especially in criminal cases. Moreover, in this case, the government has not given requisite timely notice of intent to offer evidence under Rule 404(b), in violation of the stipulated order setting interim pretrial dates filed March 1, 2013. Nor has the government met its burden of demonstrating the admissibility of any such evidence under the criteria of Rules 404(b) and 403. Accordingly, the Court should exclude all "other acts" evidence from trial.

**ARGUMENT**

**I.  OTHER ACTS EVIDENCE GENERALLY DISFAVORED UNDER RULE 404(b)**

Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The rule goes on to state that such evidence

> may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*Id.*

The Ninth Circuit has repeatedly explained that the limitations in Rule 404(b) are "designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Hill,* 953 F.2d 452, 457 (9th Cir. 1991) (citations and internal quotation marks omitted); *see also United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994) (noting that the reluctance to sanction the use of other acts evidence "stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is"). Even if admissible under Rule 404(b), such evidence still may be excluded under Rule 403. *See* Fed. R. Evid. 403.

/ / /

## II. THE GOVERNMENT HAS NOT TIMELY NOTICED OTHER ACTS EVIDENCE

Under the terms of Rule 404(b), the government must affirmatively articulate its intention to introduce other acts evidence. *See United States v. Vega,* 188 F.3d 1150, 1152-53 (9th Cir. 1999) (quoting Rule 404(b)). Similarly, Northern District of California Criminal Local Rule 16-1(c)(3) requires the government to disclose "a summary of any evidence of other crimes, wrongs or acts which the government intends to offer under FREvid 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence." Crim. L.R. 16-1(c)(3); *see also Mayans,* 17 F.3d at 1183 (explaining that, without adequate notice by the prosecution, the trial court cannot "make the focused determination of relevance mandated" by Rule 404(b)).

Failure to provide adequate notice, or obtain an excuse from the district court, "renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." *Vega,* 188 F.3d at 1153. The notice requirement also applies to evidence that might be offered "for possible rebuttal." *Id.* at 1154. As set out in the advisory committee notes to the 1991 amendments to Rule 404(b): "Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." Fed .R. Evid. 404(b) (adv. comm. notes – 1991 amendments). Merely "providing such evidence to the defense in discovery is not enough to satisfy the notice requirements of Rule 404(b), which requires the government specifically to disclose 'the general nature of any such evidence it intends to introduce at trial.'" *United States v. Spinner,* 152 F.3d 950, 961 (D.C. Cir. 1998).

In addition, the Ninth Circuit has repeatedly held that the government must identify how the noticed other acts evidence "is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted) (emphasis added); *see also United States v. Brooke,* 4 F.3d 1480, 1483 (9th Cir. 1993) (quoting *Mehrmanesh*). Courts have emphasized that the "incantation of the proper uses of such evidence under the rules does not magically transform inadmissible evidence into

LIMINE TO EXCLUDE OTHER ACTS 404(b)         - 2 -

admissible evidence." *United States v. Morley*, 199 F.3d 129, 133 (3rd Cir. 1999) (noting "[t]here is no alchemistic formula by which 'bad act' evidence that is not relevant for a proper purpose under Rule 404(b) is transformed into admissible evidence").

Here, the Court issued an Order Setting Interim Pretrial Dates, pursuant to the stipulation of the parties, specifically addressing the issue of pretrial disclosures. *See* Order (Docket #125) (filed Mar. 1, 2013). In pertinent part, the order sets a "June 12, 2013, cut-off date for any outstanding discovery and evidentiary disclosures, including expert disclosures, as required by Brady/Giglio, Jencks, Federal Rule of Criminal Procedure 16 and Local Rule 16-1(c)." *Id.* As noted above, Local Rule 16-1(c) provides for disclosures, including those required by Rule 404(b), in "accordance with a schedule" agreed to by the parties or established by the Judge.

> **(c) Supplemental Disclosure.** In addition to the information required by FRCrimP 16, in order to expedite the trial of the case, in accordance with a schedule established by the parties at the conference held pursuant to Crim. L.R. 16-1(a) or by the assigned Judge pursuant to Crim. L.R. 16-1(b), the government shall disclose the following:
>
> \*   \*   \*
>
> **(3) Evidence of Other Crimes, Wrongs or Acts.** A summary of any evidence of other crimes, wrongs or acts which the government intends to offer under FREvid 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence.

N.D. Cal. Crim. L.R. 16-1.

However, the government declined to provide the requisite timely notice of intent to introduce any evidence under Rule 404(b) against Mr. Hardeman, let alone provide a precisely articulated evidential hypothesis for its admissibility. Instead, notwithstanding the court-ordered cut-off date of June 12 for Rule 404(b) disclosures, government counsel wrote in a cover letter conveying over 20,000 pages of discovery that "[t]he government will provide specific notice pursuant to Fed. R. Evid. 404(b), 413, and 414, on the date set for filing pretrial motions, June 26, 2013." *See* Declaration of Daniel P. Blank (filed concurrently with this memorandum) [hereinafter "Blank Decl."] ¶ 2 & Att. A. Such a two-week delay in disclosure to June 26 is plainly in violation of the Court's order, even if the evidence in support of the government's intended Rule 404(b) disclosure was included within the 20,000 pages of discovery produced on

LIMINE TO EXCLUDE OTHER ACTS 404(b)        - 3 -

June 12, and entirely deprives Mr. Hardeman of an opportunity to meaningfully respond with a motion in limine to any eventual Rule 404(b) disclosure by the government, since as the government notes the motions in limine are due that same day.

The Court has the duty to "make a focused determination of relevance mandated by" the Federal Rules of Evidence, as well as the local criminal rules, before any other acts evidence may be admitted. *Mayans,* 17 F.3d at 1183; *see also* Crim. L.R. 16-1(c)(3) (requiring the government to disclose "a summary of any evidence of other crimes, wrongs or acts which the government intends to offer under FREvid 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence"). However, the Court cannot make such a determination in this case because the government has not complied with its requirement of timely notice nor met its burden of proving that any such evidence is admissible in this case. Accordingly, the Court should preclude the government as a procedural matter from introducing at trial any other acts evidence under Rules 404(b) and 403.

**III.   COURT SHOULD EXCLUDE OTHER ACTS EVIDENCE FROM TRIAL**

Even if other acts evidence was not procedurally barred in this case, Mr. Hardeman is not aware of any prior acts for which the government could meet its substantive burden of demonstrating admissibility under the criteria of Federal Rules of Evidence 404(b) and 403. Such evidence of other bad acts that is untethered to a legitimate Rule 404(b) purpose is inadmissible at trial because it raises the forbidden inference that "the defendant is guilty because he committed another similar crime, and because people tend to behave consistently." *United States v. Luna*, 21 F.3d 874, 882 (9th Cir. 1994). No such legitimate purpose is present here.

First, at its core, Rule 404(b) is a rule of relevance. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988) (stating that relevance is not an inherent characteristic, and that prior bad acts are not intrinsically relevant to motive, opportunity, intent, or absence of mistake); *Mayans*, 17 F.3d at 1181 (stating that reluctance to sanction use of other bad acts evidence stems from the principle that "guilt or innocence of the accused must be established by evidence *relevant to the*

LIMINE TO EXCLUDE OTHER ACTS 404(b)         - 4 -

*particular offense being tried*, not by showing that the defendant has engaged in other acts of wrongdoing") (emphasis added); *see also Morley*, 199 F.3d at 133 (stating that "[e]vidence that is not relevant, by definition, cannot be offered for a proper purpose, and evidence that may be relevant for some purposes may be irrelevant for the purpose for which it is offered"). Rule 404(b) enumerates several potential purposes for which other acts evidence may be admitted. However, as noted above, the government must as an initial procedural matter clearly identify how the proffered other acts evidence "is relevant to one or more issues in the case; specifically, it must *articulate precisely the evidential hypothesis* by which a fact of consequence may be inferred from the other acts evidence." *Mehrmanesh,* 689 F.2d at 830 (emphasis added).

Next, as the proponent of the proffered other acts evidence in this case, the government must demonstrate on the merits that each incident meets the requirements of a four-part test developed by the Ninth Circuit for evaluating that admissibility of other acts evidence under Rule 404(b). Specifically, the government must show: 1) that the evidence is sufficient to support a finding that the defendant committed the other act; 2) that the evidence tends to prove a material point; 3) that the prior act is not too remote in time; and 4) that in cases where knowledge and intent are at issue, the act is similar to the offense charged. *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1013 (9th Cir. 1995); *see also United States v. Curtin,* 489 F.3d 935, 958 (9th Cir. 2007) (en banc) (emphasizing that the government has the burden of proving the materiality of the element for which the other acts evidence is offered). However, the government has not even attempted to meet this substantive burden. Accordingly, the Court should exclude all other acts evidence from trial in this case under Rule 404(b).

Finally, even if the Court were to determine that the government had met its procedural disclosure obligations and had substantively demonstrated admissibility under the Rule 404(b) factors, any such evidence still must be excluded under Rule 403 where its probative value is substantially outweighed by the danger of unfair prejudice, or other pertinent considerations. *See, e.g., Curtin,* 489 F.3d at 958 ("Because evidence of other crimes, wrongs, or acts carries with it the inherent potential to see the defendant simply as a bad person . . . a trial court must take appropriate care to see that this does not happen."). Of course, the Rule 403 test can only be

fairly accomplished if adequate information regarding any probative value of the other acts evidence has been carefully and thoroughly reviewed by the Court, which cannot occur where, as here, the government has failed to provide timely notice and demonstrate admissibility under the Rule 404(b) factors. *See id.* ("[W]e hold as a matter of law that a court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally evaluate *all* that it must weigh."). Thus, even if the government had properly noticed the other acts evidence, the requisite Rule 403 balancing test favors exclusion.

In sum, the Ninth Circuit has specifically held that admission of other acts evidence is extremely prejudicial in a criminal prosecution. *See, e.g., United States v. Lewis,* 787 F.2d 1318, 1321-22 (9th Cir. 1986) (holding that the "[t]he danger that a jury will infer present guilt from prior convictions" is so strong that the jury cannot be presumed to follow instructions and "compartmentalize" the evidence). Since the government in this case has not demonstrated that its proffered evidence is admissible under the criteria of Rules 404(b) and 403, the Court should exclude all "other acts" evidence from trial.

Nevertheless, left to guess what other acts evidence the government may ultimately seek to introduce, the following sections provides substantive arguments out of an abundance of caution against the admission of possible "other acts" evidence under Rule 404(b): (a) Mr. Hardeman's prior withdrawn pleas, expunged convictions and the alleged conduct underlying them; (b) the uncharged possession of 17 photos constituting suspected child pornography; (c) Internet searches on Mr. Hardeman's computer that post-date the alleged offense in this case; (d) the possession books and other writings attributed to Mr. Hardeman; and (e) a racist remark allegedly made by Mr. Hardeman. What these "other acts" have in common is that they do not relate directly to any of the current charges against Mr. Hardeman. Nor are any of these "other acts" remotely similar to the allegation of forcible rape in this case. These "other acts" are also from different time periods than the conduct charged here, some more than 20 years older than the charged conduct and others post-dating the charged conduct. Finally, it is worth noting that no "other acts" evidence is relevant at trial to show Mr. Hardeman's "intent" because – as the government has argued and the Court has held in the context of Mr. Hardeman's pretrial motion

LIMINE TO EXCLUDE OTHER ACTS 404(b)        - 6 -

to dismiss due to prejudicial delay – intent is not at issue under the charged statute of 18 U.S.C. § 2423(c), as opposed to § 2423(b), which does require proof of intent.

### A.     Prior Expunged Convictions and Alleged Underlying Conduct

Neither of Mr. Hardeman's prior withdrawn pleas and expunged convictions, nor the alleged conduct underlying them, is admissible at trial under Rule 404(b) or any other rule. Accordingly, the Court should exclude all such evidence.

Mr. Hardeman pleaded guilty in 1980 to one felony count of Lewd and Lascivious Acts Upon a Child Under the Age of 14 years, in violation of California Penal Code § 288.  *See* Blank Decl. ¶ 3.  The conduct from 1979 underlying that charge was fondling the naked breasts of a girl under the age of 14.  *See id.*  As recently confirmed by the complaining witness in that case during an interview with an ICE agent, there was no touching of her genitals.  *See id.* ¶ 3 & Att. B.  On July 13, 1983, the court in that case issued an order pursuant California Penal Code § 1203.4 permitting Mr. Hardeman to "withdraw" his guilty plea, entering a plea of not guilty and dismissing the charge.  *See id.* ¶ 3 & Att. C.  In 1986, Mr. Hardeman pleaded "nolo contendere" to one misdemeanor count of Annoying or Molesting a Child, in violation of California Penal Code § 647a.  *See id.* ¶ 4 & Att. D.  As recently confirmed by the complaining witness in that case during an interview with an ICE agent, the alleged conduct from 1986 was attempting to set up a "bathing suit photo shoot for an overseas magazine" with a minor.  *See id.* ¶ 4 & Att. E.  On February 22, 1991, the court in that case issued an order pursuant California Penal Code § 1203.4 permitting Mr. Hardeman to "withdraw" his plea, entering a plea of not guilty and dismissing the charge.  *See id.* ¶ 4 & Att. F.

As an initial matter, evidence of Mr. Hardeman's withdrawn pleas and expunged convictions are categorically inadmissible at trial under Federal Rule of Evidence 410.  Rule 410 provides in pertinent part that "[i]n a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:  (1) a guilty plea that was later withdrawn; (2) a nolo contendere plea . . . ."  Fed. R. Evid. 410(a).  No exceptions to the prohibition in Rule 410(a) apply to either withdrawn or nolo pleas.  *See* Fed. R. Evid. 410(b).  The principle embodied in Rule 410 has constitutional roots that have long been

LIMINE TO EXCLUDE OTHER ACTS 404(b)         - 7 -

recognized by the U.S. Supreme Court. *See, e.g., Canizio v. New York,* 327 U.S. 82, 86 n.2 (1946) (reiterating that, under the Due Process Clause, "a withdrawn guilty plea is not admissible in evidence" in federal court) (citing *Kercheval v. United States,* 274 U.S. 220, 223-25 (1927)); *see also Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir. 2005) (citing *Kercheval* and *Canizio*).

Here, as noted above, Mr. Hardeman's guilty plea from 1980 was withdrawn in 1983 and his nolo contendere plea from 1986 was withdrawn in 1991. As a result, under Rule 410(a)(1) and (2), neither plea may be admitted into evidence at trial for any purpose against Mr. Hardeman.[1] Moreover, the Ninth Circuit has also specifically held that where evidence of the withdrawn or nolo *plea* is inadmissible under Rule 410, evidence of any *conviction* that had resulted from the plea is similarly inadmissible:

> Reading the rule to preclude admission of a *nolo contendere* plea but to permit admission of conviction based on that plea produces an illogical result. Rule 410's exclusion of a *nolo contendere* plea would be meaningless if all it took to prove that the defendant committed the crime charged was a certified copy of the inevitable judgment of conviction resulting from the plea. We hold that Rule 410 prohibits the admission of nolo contendere pleas and the convictions resulting from them as proof that the pleader actually committed the underlying crimes charged.

*United States v. Nguyen,* 465 F.3d 1128, 1131 (9th Cir. 2006). Thus, both Mr. Hardeman's withdrawn pleas and the convictions that had resulted from them are categorically inadmissible at trial against him for all purposes.

The Court should also exclude from trial under Rules 404(b) and 403 all evidence of the alleged conduct underlying those expunged convictions. The alleged prior conduct is extremely old, occurring respectively 28 years and 21 years prior to the 2007 conduct charged here. The alleged prior conduct is not similar to the charged conduct of forcible rape. Evidence of those alleged prior acts does not appear to prove any material point, apart from the forbidden inference that Mr. Hardeman is a person of bad character, and therefore more likely to have committed the charged offense. Finally, due to the categorical inadmissibility of evidence of Mr. Hardeman's

---

[1] The applicability of Rule 410 to Mr. Hardeman's prior expunged convictions was previously addressed by this Court during the litigation of pretrial motions. *See United States v. Hardeman,* 2011 WL 1496048 (N.D. Cal. Apr. 20, 2011) at *6 ("In both the prior case and in this one (once Hardeman raises it), the United States would have to overcome the Rule 410 hurdle in order to prove a prior conviction triggering a registration obligation.").

LIMINE TO EXCLUDE OTHER ACTS 404(b)         - 8 -

1  withdrawn pleas and the resulting convictions under Rule 410, there would have to be mini-trials

2  as to each of the alleged prior offenses, with live testimony from the actual complaining

3  witnesses, in order for the government to prove up that conduct under Rule 404(b). Accordingly,

4  the Court should exclude the alleged acts underlying Mr. Hardeman's expunged convictions, in

5  addition to evidence of the withdrawn pleas and resulting convictions.[2]

### B.     Possession of Suspected Child Pornography

The discovery produced by the government indicates that searches of Mr. Hardeman's residence and effects has yielded a total of 17 different photographs of "suspected child pornography," including one photo appearing to depict the mother of Mr. Hardeman's adult daughter. The government has not produced a shred or evidence or expert opinion that any of the photos actually constitute child pornography, or that their alleged possession by Mr. Hardeman is relevant to any legitimate material point in this case. On the other hand, the evidence and allegations surrounding them would plainly be extremely prejudicial at trial. Accordingly, the Court should exclude this evidence from trial.

The discovery produced by the government indicates that federal agents seized from Mr. Hardeman's residence one nude photograph of Maricarmen Arroyo, the mother of Mr. Hardeman's adult daughter. *See* Blank Decl. ¶ 5. The discovery alleges that the photograph depicts Ms. Arroyo when she was 17 years old, and suggests that Mr. Hardeman was sexually involved with her at that age. *See id.* The discovery also indicates that 16 different photographs of an unknown nude female were also seized from Mr. Hardeman's effects. *See id.* ¶ 6. All 16

---

[2] Evidence of the alleged conduct underlying the expunged convictions is also inadmissible under Federal Rule of Evidence 413 and 414, which does not cover fondling naked breasts or trying to set up a "bathing suit photo shoot." *See* Fed. R. Evid. 413(d) (defining "sexual assault"), 414(d)(2) (defining "child molestation"). Nor has the government provided the requisite notice for the introduction of evidence under those rules. *See* Fed. R. Evid. 413(b), 414(b). Finally, even if admissible under Rule 413 or 414, the Court still should exclude the evidence for the aforementioned reasons under Rule 403. *See United States v. Lemay,* 260 F.3d 1018, 1026 (9th Cir. 2001) ("Although this court has never squarely addressed the issue of whether Rule 414 and its companion rules are constitutional, we have recently held that the balancing test of Rule 403 continues to apply to those rules, and that district judges retain the discretion to exclude evidence that is far more prejudicial than probative.") (citation omitted).

LIMINE TO EXCLUDE OTHER ACTS 404(b)        - 9 -

photos appear to depict alone in various poses the same nude female, initially misidentified by the government as being the half-sister of Mr. Hardeman's daughter. *See id.* For the following reasons, this female does not appear to be under the age of 18: she has fully developed breasts and hips; while of proportional height and weight, she appears to have stretch-marks and cellulite on her buttocks; her pubic area has hair that appears to have been growing back after having previously been trimmed or shaved at least a couple of weeks earlier, while her underarms appear to have been shaved more recently; and she also has noticeable hair on her stomach above and below her navel. *See id.* The government has produced no report of evidence or expert opinion that the female depicted in these photos was in fact a minor at the time the photos were taken. *See id.* On the contrary, the only such report produced by the government states that no known minors were identified in the 16 photographs. *See id*. ¶ 6 & Att. G.

In sum, the government has not identified any hypothesis for why Mr. Hardeman's alleged possession of these images would be admissible under Rule 404(b). Even if evidence of uncharged possession of child pornography were theoretically admissible in this case under Rule 404(b), these actual images are irrelevant in the absence of any proof that they actually depict minors. For example, Mr. Hardeman is not alleged to have taken any pictures of the alleged victim in this case. On the other hand, the images – and even more so the unsupported allegations surrounding them – are extremely prejudicial. Accordingly, they should be excluded from trial under Rules 404(b) and 403.

### C.   Alleged Internet Searches

A report produced by the government in discovery indicates that forensic analysis of a "computer wrapped in bubble wrap underneath old books, in a cabinet in the basement, behind some stacked boxes," revealed five Internet searches suggestive of an interest in children or child sexuality conducted by a computer account user identified as "Gary." *See* Blank Decl. ¶ 7 & Att. G. These five searches, alleged to have occurred between May and September 2008, were for "preteen models," "preteen porno," "preteen," and "naked preteen models" (twice). *See id.* The report does not indicate what the results of those searches were, whether the computer account

LIMINE TO EXCLUDE OTHER ACTS 404(b)          - 10 -

1  user accessed or attempted to access any websites that may have been identified by that search,
2  or what content was available on any such websites.  *See id.*

3        This evidence is inadmissible under Rules 404(b) and 403.  Even if it could be assumed
4  that Mr. Hardeman himself conducted these searches, because no one else could possibly have
5  accessed the computer under his account name, there is no evidence that any actual child
6  pornography was ever accessed.  That conduct is not in any way similar to the charged conduct
7  here of forcible rape.  Moreover, all of the identified Internet searches from 2008 *post-dated* the
8  charged conduct here from December 2007.  Together, all of these factors strongly militate
9  against the admission of the evidence under Rule 404(b), particularly in light of the fact that
10 intent is not at issue under the charged offense of § 2423(c).  Moreover, the inherent prejudice of
11 the evidence more than sufficiently outweighs any marginal relevance under Rule 403.

      **D.**     **Book and Other Writings Attributed to Mr. Hardeman**

      The discovery produced by the government includes a book written by Mr. Hardeman in 1988 entitled "Life Made Easy."  *See* Blank Decl. ¶ 8.  The book is 250 pages long and, in a very loosely organized fashion, covers a variety of topics, including politics, religion and philosophy.  *See id.*  In its search warrant affidavits and grand jury testimony, government agents have selectively seized upon a few isolated passages from that book:

- "To answer the question 'What is the age of consent?'  I'd have to say, 'When they consent.'  Where do we get the belief that children shouldn't be exposed to sex talk because it can psychologically ruin them?  Would a 10-year-old turn into a basket-case if we discussed Communism, trigonometry, or psychology with them?  If the subject is beyond his development, he'll simply pay it no mind.  If it's something he's willing to consider, then it's all proof we need to know this youngster's ready."

- "I liken to make love to older women because of their maturity and relaxed passion, I like women my own age because I have the opportunity to identify with my peers, and I like young teenage girls because I can see in them the same excitement and exploring energy I felt when I was their age."

*Id.*  The government's discovery also includes undated writings in a notebook seized from Mr. Hardeman's residence which government agents suspect may be the manuscript of an early draft of "Life Made Easy."  *Id.* ¶ 9.  Alleged passages include:

- "Why do I enjoy having sex with teenage girls as well as adults?  I'm sure its because of an unresolved conflict I had since I was a teenager myself.  I had conflicts trying to figure out society's illegal restrictions and prejudice against teen sex."

- "It may be embarrassing for me to have criminal charges for sex offenses, but I am not ashamed. I consider these battle scars in the revolution for true sexual freedom."

- "Is it child abuse or molestation when the youngster wants and enjoys sexual attention. I fail to see how we can label it sexual molestation if a child is sexually aroused. If a person was truly bothered, he couldn't be aroused. If he's being aroused, obviously he's not being bothered or abused."

- "All of adolescents go through a stage of discovering their sexuality running through the gamut of innocently touching their bodies and masturbating to have one form or another of physical, sexual contact with others. This is normal and will not change. Why do some people label it is child pornography if someone captures the moment on film?"

- "Child sexual abuse can be psychologically damaging, because the child is forced to a higher level of development before he's able to find out for himself what steps he needs to get there. However, any sexual activity consented to, or initiated by the child is healthy, as it is within his capacity and dealt with on his own terms. He's choosing his own steps and that's a necessary function to grow."

*Id.* The government also seizes upon a handwritten chart in the notebook, describing the "sex laws of a sane and intelligent society," and setting forth a sliding scale for what the legal age of consent ought to be for minors to engage in sexual activity. *Id.* ¶ 10. The chart makes clear that nonconsensual sexual activity would always be unlawful. *Id.*

The Ninth Circuit has strongly cautioned against admitting evidence of books and other writing allegedly possessed by the defendant at trial under Rule 404(b): "Although we do not hold that the articles were necessarily inadmissible for any purpose, we observe that a defendant's choice of reading materials will rarely have a significant probative value. Thus, attempt to use such evidence against a defendant must be viewed and reviewed with a careful and skeptical eye." *United States v. Waters,* 627 F.3d 345, 355 (9th Cir. 2010) (citing *United States v. Curtain,* 489 F.3d 935, 956 (9th Cir. 2007) (en banc) (reversing conviction for traveling across state lines with intent to engage in a sexual act with a minor where district court admitted evidence of stories in defendant's possession); *see also Curtain,* 489 F.3d at 956 (emphasizing that its holding that writings in a defendant's possession are not categorically inadmissible "should not be interpreted as holding (1) that the simple possession of any book or written materials generically similar to a charged crime is automatically admissible against the possessor defendant, or (2) that all pornography or obscenity in the possession of a defendant in these cases is admissible without undergoing the scrutiny required of Rules 401 and 403").

1    In this case, while the writings at issue plainly indicate an interest in child sexuality and
2 the philosophical question of at what age children may be competent to consent to sex, they
3 certainly do not advocate the forcible rape of children, or nonconsensual sexual activity of any
4 kind.  Nor do they constitute an admission that the author ever actually had or attempted to have
5 sex with any minor.  On the contrary, the writings cited by the government focus on the
6 importance of consent at any age.  Moreover, although the writings do indicate that the author
7 claims to have had sex with teenagers, they do not state that the teenagers were minors under the
8 age of 18 or that the author was exclusively interested in teenagers.  In addition, all of these
9 writing are very old, pre-dating the alleged conduct in this case by 20 years.  Furthermore, read
10 in context, these writings appear to be in reaction to the author's possible sex offender
11 registration requirement, which were certainly at the forefront of Mr. Hardeman's mind in 1988.
12 As a result, the Court should exclude this evidence from trial under Rules 404(b) and 403.

13    At a minimum, prior to admitting any such evidence, the Court must as a procedural
14 matter read "every word" of the books and notebooks from which the government would seek to
15 introduce passages.  *See Curtain,* 489 F.3d at 957 ("Was the trial court in this case required to
16 have read every word of these stories when exercising its discretion pursuant to Rule 403 to
17 determine whether their potential for undue prejudice substantially outweighed their probative
18 value?  Our answer here is in the affirmative."); *see also Waters,* 627 F.3d at 357 ("Our decision
19 in *Curtain* controls this case.  The district court had the responsibility to read every page of the
20 articles in order properly to understand their contents before ruling on their admissibility.").

21    As an additional procedural matter, if the government is permitted to introduce any
22 selected passages from these writings, Mr. Hardeman must be permitted to introduce his own
23 selection of passages from those writings and from other writings, of which there are many.  *See*
24 *Waters,* 627 F.3d at 357 (holding that, "[i]n light of the district court's decision to allow the
25 anarchist literature into evidence, however, excluding the video [of a documentary film that
26 Waters produced, proffered by the defense to establish that she was devoted to peaceful means of
27 protest] was certainly an abuse of discretion," and reversing the defendant's conviction for arson
28 at the University of Washington).

LIMINE TO EXCLUDE OTHER ACTS 404(b)          - 13 -

1    Thus, due to the significant time that reviewing and potentially introducing such
2 evidence, both by the government and then necessarily in rebuttal by Mr. Hardeman, as well as
3 the obvious prejudice and lack of substantial probative value, this evidence should be excluded
4 under Rules 404(b) and 403.

### E.     Alleged Racist Remark

Finally, the discovery produced by the government indicates that, before the Grand Jury, George Scott Eaton testified that in his presence Mr. Hardeman stated "that he felt that not only was the government, but that all Mexican people were profoundly stupid." Blank Decl. ¶ 11. This alleged remark has no imaginable probative value and its prejudicial effect is obvious. Accordingly, it should be excluded under Rules 404(b) and 403.

### CONCLUSION

For the aforementioned procedural and substantive reasons, the Court should exclude all other acts evidence from trial under Rules 404(b) and 403.

Dated: June 26, 2013

                                           Respectfully submitted,

                                           STEVEN G. KALAR
                                           Federal Public Defender

                                         /s/
                                        _____
                                         DANIEL P. BLANK
                                         Assistant Federal Public Defender