STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant HARDEMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 10-0859 RS |
|---|---|---|
| Plaintiff, | ) ) | MOTION IN LIMINE TO BIFURCATE COUNTS FOR TRIAL |
| v. | ) ) | |
| GARY HARDEMAN, | ) ) | Honorable Richard Seeborg July 10, 2013 |
| Defendant. | ) ) | 2:00 p.m. |
| | ) | |

LIMINE MOT. TO BIFURCATE COUNTS

**INTRODUCTION**

Defendant Gary Hardeman is charged in a two count indictment with: (1) knowingly traveling in foreign commerce and engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(c); and (2) committing that offense while under a present duty to register as a sex offender, in violation of 18 U.S.C. § 2260A.  Mr. Hardeman respectfully moves the Court to bifurcate those two counts for trial due to the extraordinary risk of undue prejudice that would result from the jury being presented with evidence relevant to the second count – of a purported duty to register as a sex offender based upon expunged prior convictions – that would not otherwise be properly admitted at trial on the first count.  Such a bifurcation would streamline and potentially shorten the trial, because the jury need not consider Count Two unless it returns a verdict of guilty on Count One.

**ARGUMENT**

Bifurcation of counts for trial is a judicially efficient way of having a single impartial jury decide two or more counts of an indictment that might otherwise have to be severed under Federal Rule of Criminal Procedure 14, which provides in pertinent part that, "[i]f the joinder of offenses or defendants in an indictment, an information, or in a consolidation for trial, appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  For example, where one count in the indictment requires the introduction at trial of highly prejudicial evidence, such as the fact of a prior conviction, that would not otherwise be admitted at trial on the remaining count, the Ninth Circuit has recognized that either "severance or bifurcation is the preferred alternative" to proceeding in a joint trial on both counts. *United States v. Nguyen,* 88 F.3d 812, 818 (9th Cir. 1996).

While severance under Rule 14(a) requires entirely separate trials with distinct juries on each count, bifurcation involves a single jury first hearing the testimony and arguments on the count that does not require the introduction of the prejudicial evidence, and then, after returning a verdict on that count, hearing the evidence and arguments on the remaining count. *See, e.g., United States v. Jones,* 123 Fed. Appx. 773, 776 (9th Cir. 2005) (unpublished memorandum

LIMINE MOT. TO BIFURCATE COUNTS             - 1 -

decision) ("Under *Nguyen,* the district court properly safeguarded Jones' right to an impartial jury by bifurcating the counts (with the felon in possession charge being tried after the cocaine possession charge), excluding evidence of the firearm from the drug possession trial, excluding the evidence of the cocaine from the firearm trial, and giving appropriate limiting instructions.").

Although § 2260A is a statute of recent vintage, courts have already specifically held that trial on a count charging a violation of the statute should be bifurcated from any other counts in the indictment in order to have an impartial jury that is not unduly swayed by evidence of the defendant's alleged duty to register as a sex offender. *See, e.g., United States v. Never Misses A Shot,* 2013 WL 85344 (D.S.D. Jan. 7, 2013) at *4 ("This Court thinks it appropriate, however, in order to avoid any possibility that the jury might presume Never Misses A Shot to be guilty of Counts I and II because of his alleged status as a registered sex offender, to conduct the trial in two phases before the jury.  If the jury convicts Never Misses A Shot on Counts I and II in phase one of the trial, the Government will be allowed to put on evidence of Never Misses A Shot's status as a registered sex offender, Never Misses A Shot may refute the evidence, and the jury can hear additional arguments and receive additional instructions in Count II and IV separately before deliberating on phase two of the trial.").  The Court here should similarly order the bifurcation of the two counts in the indictment against Mr. Hardeman, and the exclusion of evidence relating to the alleged sex offender registration requirement from the phase of the trial addressing the charge under § 2423(c), including alleged statements and writings by Mr. Hardeman on that topic.  Such a bifurcation would streamline and potentially shorten what is shaping up to be a lengthy trial, since the jury need not proceed to consideration of Count Two in the second phase unless it returns of a verdict of guilty on Count One in the first phase.

**I.     BIFURCATION OF COUNTS REQUIRING PREJUDICIAL EVIDENCE**

The Ninth Circuit has long recognized the "'high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible.'" *United States v. Lewis,* 787 F.2d 1318, 1321 (9th Cir. 1986), *as amended,* 798 F.2d 1250 (9th Cir. 1986) (citation omitted, ellipses in original).  Here, the joinder of Counts One and Two is highly prejudicial to Mr.

LIMINE MOT. TO BIFURCATE COUNTS           - 2 -

Hardeman because in deciding Count One at a joint trial the jury will have heard otherwise inadmissible evidence regarding a purported sex offender registration requirement based upon expunged prior convictions. Accordingly, the Court should bifurcate the two counts for trial.

This issue of bifurcation has most often arisen in the context of a joined count charging felon firearm receipt or possession in violation of 18 U.S.C. § 922. For example, the defendant in *Lewis* was charged with bank larceny, murder to avoid apprehension for bank larceny, and being a felon in receipt of a firearm. *See* 787 F.2d at 1320. Following his conviction at trial, Lewis appealed the denial of his motion to sever the firearm count from trial on the other counts, claiming that "he was prejudiced because evidence of his prior felony conviction would not have been admissible at a trial on the larceny and killing counts since he would not have taken the stand." *Id.* at 1321. The Ninth Circuit agreed with Lewis and reversed his conviction on the murder count. *See id.* at 1325.

In doing so, the *Lewis* court began by emphasizing that the "use of other crimes evidence is not looked on favorably and its use must be narrowly circumscribed and limited." *Id.* at 1321 (citation omitted).

> Our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

*Id.* (citation omitted). Citing the D.C. Circuit in *United States v. Daniels,* 770 F.2d 1111, 1116 (D.C. Cir. 1985), *Lewis* explained that the "danger that a jury will infer present guilt from prior convictions cannot be ignored by the court in deciding whether to sever a charge that necessitates the introduction of other crimes evidence." *Id.* In particular, *Lewis* noted that it "is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts than it is to compartmentalize evidence against separate defendants joined for trial." *Id.* at 1322.

*Lewis* then weighed the prejudice in that case of admitting evidence of the defendant's prior conviction for first degree burglary, which included the fact that he had lied under oath to

LIMINE MOT. TO BIFURCATE COUNTS        - 3 -

secure one of the guns. *See id.* As to the larceny count, the court rejected Lewis's contention that the evidence of guilt "was not overwhelming." *Id.* However, as to the murder count, the court noted that "the evidence is sparse." *Id.* It also noted that the trial court "did not instruct the jury to consider the evidence as to each count separately until the third day of the trial," and then "was repeated once later the same day." *Id.* at 1323 (footnote omitted). Nevertheless, the *Lewis* court voiced its "skepticism of the efficacy of such instructions no matter when they are given." *Id.* Accordingly, on balance, the court held that "the failure to sever the gun counts in the context of this trial manifestly prejudiced Lewis's chance for acquittal on the killing charge." *Id.* (footnote omitted).

By the time the Ninth revisited this issue in *United States v. Nguyen,* 88 F.3d 812 (9th Cir. 1996), it relied upon not just authority from the D.C. Circuit but from every Circuit:

> All of the Circuit Courts seem to agree that trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges, *i.e.* convict the defendant because he is a "bad guy" or convict because "he committed a crime before and probably did this one too." Although no court has adopted a *per se* rule about how to handle this situation, each Circuit has taken the position that the trial court should do whatever is possible to minimize the chance of prejudice. As discussed below, various courts have used severance of the counts, bifurcation of the trial to separate the felon in possession count from the other counts, or stipulation to the prior felony so that the jury does not hear about the prior bad act. It is an uncommon situation where, as occurred in this case, cautionary jury instructions alone have been considered a sufficient means of shielding the defendant from prejudice.

*Id.* at 815-16 (footnote omitted). In that case, Nguyen was charged with conspiracy to transfer an unregistered shotgun, and aiding and abetting the same, and with being a felon in possession of a firearm. *See id.* at 814. The trial court denied Nguyen's motion to sever the counts and instead gave the jury a limiting instruction. *See id.* at 817.

On appeal, the Ninth Circuit affirmed that it remains skeptical of the efficacy of such instructions. *Id.* (citing *Lewis*). However, in light of the overwhelming evidence of guilt on the shotgun transfer counts, the court affirmed the convictions. *See id.* ("[C]onsidering the audio and video recordings of conversations between Nguyen and undercover officers discussing the sale of guns, the evidence of a conspiracy in this case is enough to negate any prejudice that may have been caused by the introduction of evidence of the prior felony.") (citation omitted).

LIMINE MOT. TO BIFURCATE COUNTS          - 4 -

Nevertheless, the Ninth Circuit emphasized that, although the district court did not abuse its discretion in that case, "severance or bifurcation is the preferred alternative." *Id.* at 818.

Along these lines, since *Nguyen,* trial courts in this district and throughout the Ninth Circuit have routinely granted a defendant's motion to sever or bifurcate a charge of felon firearm possession from otherwise properly joined counts. *See, e.g., United States v. Chant,* 1997 WL 231105 (N.D. Cal. Apr. 4, 1997) (citing *Nguyen* in granting motion to bifurcate felon firearm possession charge from drug charges); *see also United States v. Wigglesworth,* 2010 WL 3419802 (D. Ariz. July 12, 2010) at *6 (citing *Nguyen* in holding that to the extent defendant's prior convictions are inadmissible in relation to drug charges, "severance or bifurcation is warranted" for felon firearm possession charge); *United States v. Patterson,* 2006 WL 1452688 (D. Alaska May 18, 2006) at *3 ("While the government contends that no counts should be severed, it concedes that if any count should be severed it is the felon in possession count. Unlike *Nguyen,* which was rescued from reversal by overwhelming evidence including video and audio recordings, there is no showing by the government that such overwhelming evidence is present here. Moreover, the option of a cautionary instruction is viewed with such disfavor by the Ninth Circuit, that it is surprising that the government would want to risk reversal by relying on one trial. The court should not risk it. The felon in possession charges should be severed from the other charges and tried separately.") (citation omitted).

The charge of committing an enumerated offense while under a duty to register as a sex offender in violation of 18 U.S.C. § 2260A is similar to felon firearm possession in that it includes as an element proof of a duty to register as a sex offender, which will almost always be due to a prior conviction for a sex offense. While § 2260A is a relatively new offense, those cases addressing the issue of prejudicial joinder at that count have applied a similar preference for severance or bifurcation. *See, e.g., Never Misses A Shot,* 2013 WL 85344 at *4 (ordering a bifurcated trial on counts charging a violation of § 2260A). By contrast, courts have held that severance or bifurcation of a § 2260A count was not necessary only where evidence of the prior convictions underlying the defendant's duty to register as a sex offender was already otherwise admissible as to the other counts, *see United States v. Walizer,* 2010 WL 5477306 (D. Nev. Dec.

LIMINE MOT. TO BIFURCATE COUNTS           - 5 -

1  30, 2010) at *2, or where the evidence of guilt on the other counts was overwhelming, *see*
2  *United States v. Slaughter,* 708 F.3d 1208, 1214 (11th Cir. 2013).

3  Since, as discussed below, the evidence of Mr. Hardeman's alleged duty to register
4  would not be otherwise admissible at trial on Count One, and the government's proof of guilt on
5  that charge is far from overwhelming, the Court should grant the motion to bifurcate.

6  **II.    BIFURCATION OF COUNTS ONE AND TWO IS WARRANTED HERE**

7  Admitting highly inflammatory and contested evidence as to Count Two, charging a
8  violation of 18 U.S.C. § 2260A (committing an enumerated offense while under a duty to
9  register as a sex offender), regarding Mr. Hardeman's purported duty to register as a sex
10 offender based upon expunged prior convictions, creates a substantial risk of undue prejudice as
11 to Count One, charging a violation 18 U.S.C. § 2423(c) (knowingly traveling in foreign
12 commerce and engaging in illicit sexual conduct) because such evidence is not otherwise
13 admissible as to Count One, and the other evidence to be presented at trial on that count is far
14 from "overwhelming." Accordingly, the Court should bifurcate Count Two from Count One.

15 **A.    Evidence of Guilt on Count One is Far From Overwhelming**

16 The government has produced no forensic evidence in support of its charge in Count One
17 against Mr. Hardeman of illicit sexual contact in foreign places in violation of 18 U.S.C.
18 § 2423(c). *See* Declaration of Daniel P. Blank (filed concurrently with this memorandum)
19 [hereinafter "Blank Decl."] ¶ 2. For example, there are no incriminating medical records, DNA
20 tests, photographic evidence, emails, or recordings of any kind. *See id.* Nor are there any
21 eyewitnesses who would give incriminating testimony in support of this charge, as was made
22 clear by the Rule 15 depositions in Mexico of the staff at the hotel where the contact was alleged
23 to have occurred. *See id.* Mr. Hardeman has made no confession of guilt to law enforcement or
24 anyone else. *See id.* Instead, the government's entire case rests on the testimony of the alleged
25 victim, who has a documented history of mental illness, with symptoms that include delusions
26 and untruthfulness. *See id.*

27 Accordingly, both the quantity and quality of evidence here is a far cry from those cases
28 in which the "overwhelming" amount of evidence resulted in the courts holding that the

LIMINE MOT. TO BIFURCATE COUNTS          - 6 -

admission of a prior conviction or registration requirement was not sufficiently prejudicial to warrant reversal of the conviction. *Cf. Nguyen,* 88 F.3d at 817 ("[C]onsidering the audio and video recordings of conversations between Nguyen and undercover officers discussing the sale of guns, the evidence of a conspiracy in this case is enough to negate any prejudice that may have been caused by the introduction of evidence of the prior felony.") (citation omitted); *cf. also Slaughter,* 708 F.3d at 1211, 1213 (finding no prejudice from trial court's failure to bifurcate due where "the jury had already heard substantial evidence that Mr. Slaughter intended to engage in sexual activity with two underage girls," including that, "[i]n a flurry of emails, Mr. Slaughter admitted to having a 'daddy-daughter' fantasy, shared his intent to engage in sex acts with Hannah and her friend, and suggested renting a hotel room for that purpose"). As a result, the Court should weigh this factor strongly in favor of granting the motion for bifurcation.

### B. Evidence of Duty to Register is Inadmissible as to Count One

It does not appear that evidence of Mr. Hardeman's purported duty to register as a sex offender in 2007, based upon expunged convictions relating to alleged conduct from 1979 and 1986, would be properly admissible at trial under the Federal Rules of Evidence as to Count One of the indictment.[1] Accordingly, the Court should weigh this factor strongly in favor of granting the motion for bifurcation.

#### 1. Irrelevant as to Count One

There is nothing about allegedly being under a duty to register as a sex offender at the time of the conduct charged in Count One that is relevant at trial on that count. Such a duty, if it existed, is irrelevant because it has no tendency to make a fact of consequence in determining the present action – whether, over 20 years later, Mr. Hardeman forcibly raped the alleged victim in this case – "more or less probable than it would be without the evidence." Fed. R. Evid. 401. The only conceivable relevance would be for the "prohibited purpose" of using the alleged duty

---

[1] Mr. Hardeman separately moves in limine to exclude from trial in its entirety the two withdrawn pleas and expunged convictions allegedly giving rise to the duty to register as a sex offender, as well as the alleged conduct underlying those cases, under Federal Rule of Evidence 404(b).

LIMINE MOT. TO BIFURCATE COUNTS         - 7 -

to register as evidence of Mr. Hardeman's "character" as a sex offender "to prove that on a particular occasion the person acted in accordance with the character trait." Fed. R. Evid. 404(a).

### 2. Inadmissible under Rule 403

Alternatively, even if marginally relevant at trial on Count One, this evidence would nevertheless be inadmissible under Rule 403, which excludes such evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. It is hard to overstate the devastatingly prejudicial impact that such evidence would have in this case, based upon the inflammatory nature of the charge of being a repeat sex offender, far beyond that already well-recognized by the courts for any other kind of criminal recidivism. In particular, there is an extraordinary risk that the jury, upon hearing the allegation that Mr. Hardeman was under a duty to register as a sex offender at the time of the events in this case, will not hold the government to its burden of proving Count One beyond a reasonable doubt, and will instead leap to the impermissible inference prohibited by Rule 404(a) that, simply on account of his status as a registerable sex offender, he is presumptively more likely to have committed the currently charged sex offense.

For these reasons, the Court should hold that evidence of Mr. Hardeman's alleged duty to register as a sex offender would not be admissible against him at trial on Count One. This includes not only direct evidence of the alleged registration requirement, but also statements and writings attributed to Mr. Hardeman responding to the claim, starting in the 1980s and renewed in September 2007, that he has such a lawful duty to register, notwithstanding the expungement of his prior convictions, which the government has produced in discovery. *See* Blank Decl. ¶ 3.[2]

---

[2] Specifically, the government has produced in discovery evidence of numerous statements or writings which it attributes to Mr. Hardeman responding to the claim, starting in the 1980s and renewed in September 2007, that he has such a lawful duty to register, notwithstanding the expungement of his prior convictions. *See* Blank Decl. ¶ 3. This includes an alleged email to the Mayor of San Francisco; computer blogs, newspaper clippings, and notes in a file of material labeled "unjust conviction"; passages from a handwritten notebook; an undated handwritten note found in the trash outside Mr. Hardeman's residence in July 2008; and statements allegedly made during this custodial interviews in November 2008. *See id.*

LIMINE MOT. TO BIFURCATE COUNTS        - 8 -

### C. Bifurcation Here Would Streamline and Potentially Shorten Trial

Finally, it is worth noting that the proposed bifurcation of counts here would streamline and potentially shorten the trial. Because Count Two as charged depends upon a conviction for Count One as an element of the offense, the jury need not consider Count Two unless it returns a verdict of guilty on Count One. In this way, if the jury returns a verdict of not guilty on Count One, or is unable to reach a verdict on that count, then there will be no need for additional evidence, argument and deliberation on Count Two. In addition, if the jury were to return a guilty verdict before hearing testimony about Mr. Hardeman's alleged registration requirement, Mr. Hardeman would be in a much better position to – and hereby offers to – stipulate in the second phase of a bifurcated trial to any testimony that the government would seek to adduce as to that alleged duty to register, without requiring the presence of live witnesses, while preserving his legal challenge to the significance of those facts. *See, e.g., United States v. Hernandez,* 109 F.3d 1450, 1452 (9th Cir. 1997) (holding, under *Old Chief v. United States,* 519 U.S. 172 (1997), that "[b]ecause the defendant offered to stipulate to the second element of § 922(g), the district court abused its discretion when it rejected the stipulation and admitted evidence of the nature of Hernandez' prior felony conviction.")

Further appellate proceedings, if any, would also be streamlined by a bifurcation. For example, if Mr. Hardeman is convicted on Count One at a bifurcated trial, any appellate arguments he might have regarding the lawful status of his registration requirements could be heard as applied to Count Two without the possibility of disturbing such a conviction on Count One. On the other hand, if trial on the two counts is not bifurcated, and Mr. Hardeman prevails on appeal regarding Count Two, then any conviction on Count One would also likely have to be vacated and the matter remanded for a retrial without admitting any evidence of the alleged registration requirement.

Thus, bifurcating the counts for trial would not only streamline and potentially shorten the trial that is currently set, but it would also streamline any appellate proceedings and potentially obviate the need for a retrial. Weighing all of these factors together, the Court should grant the motion to bifurcate.

LIMINE MOT. TO BIFURCATE COUNTS - 9 -

**CONCLUSION**

For the aforementioned reasons, the Court should bifurcate the trial as to Counts One and Two, excluding from the trial on Count One all evidence that Mr. Hardeman was under a duty to register as a sex offender.

Dated: June 26, 2013

                                      Respectfully submitted,

                                      STEVEN G. KALAR
                                      Federal Public Defender

                                      /s/
                                      _____
                                      DANIEL P. BLANK
                                      Assistant Federal Public Defender