1    STEVEN G. KALAR
     Federal Public Defender
2    DANIEL P. BLANK
     Assistant Federal Public Defender
3    450 Golden Gate Avenue
     San Francisco, CA  94102
4    Telephone:  (415) 436-7700

5    Counsel for Defendant HARDEMAN

6

7                  IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10

11   UNITED STATES OF AMERICA,          )    No. CR 10-0859 RS
                                        )
12                     Plaintiff,       )    MOTION IN LIMINE TO EXCLUDE
                                        )    PRIOR CONSISTENT STATEMENTS BY
     v.                                 )    ALLEGED VICTIM
13                                      )
     GARY HARDEMAN,                     )    Honorable Richard Seeborg
14                                      )    July 10, 2013
                       Defendant.       )    2:00 p.m.
15   _____)

16                          **INTRODUCTION**

17         Defendant Gary Hardeman will in all likelihood be impeaching the alleged victim in this

18   case with prior statements that are inconsistent with her expected testimony at trial.  The natural

19   inclination may be to permit the government to rehabilitate her with prior consistent statements.

20   However, the evidentiary rules regarding prior consistent statements and prior inconsistent

21   statements are not mirror images of one another.  On the contrary, the requirements for admitting

22   a prior consistent statement are much more stringent than those for admitting a prior inconsistent

23   statement.  Accordingly, the Court should exclude such prior consistent statements that do meet

24   the requirements under the applicable rule.

25                            **ARGUMENT**

26         A witness who testifies at trial may be impeached with a prior inconsistent statement or

27   omission.  *See, e.g., United States v. Adamson,* 291 F.3d 606, 612 (9th Cir. 2002).  There are two

28   federal evidentiary rules addressing such prior inconsistent statements.  Rule 801(d)(1)(A)

LIM. EXCLUDE CONSISTENT STATEMENTS

defines as non-hearsay a witness's prior statement that is "inconsistent with the declarant's

testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a

deposition." Fed. R. Evid. 801(d)(1)(A).  Rule 613 more broadly addresses the admission of

prior inconsistent statements not meeting the requirements of Rule 801(d)(1)(A), including the

admission of extrinsic evidence of the prior statement.  *See* Fed. R. 613.  Rule 613 authorizes the

introduction of prior inconsistent statements that are not admissible for the truth of the matter

asserted, but rather to "raise the suggestion that if a witness makes inconsistent statements, then

his entire testimony may not be credible." *Adamson,* 291 F.3d at 612.

Prior *consistent* statements, by contrast, are only admissible under the provisions of Rule

801(d)(1)(B), which defines as non-hearsay a witness's prior statement that "is consistent with

the declarant's testimony and is offered to rebut an express or implied charge that the declarant

recently fabricated it or acted from a recent improper influence or motive in so testifying." Fed.

R. Evid. 801(d)(1)(B).  Focusing on the word "recent," the Supreme Court has held that, even

where there is an express or implied charge that the declarant did fabricate the testimony or act

from an improper motive or influence, a prior consistent statement is not admissible at trial under

Rule 801(d)(1)(B) unless the prior consistent statement was "made before the alleged

fabrication, influence, or motive came into being." *Tome v. United States,* 513 U.S. 150, 156

(1995); *see also id.* (applying to Rule 801(d)(1)(B) the common law temporal requirement that

the "prior consistent statement has not relevancy to refute the charge unless the consistent

statement was made before the source of the bias, interest, influence or incapacity originated")

(citation and internal quotation marks omitted).[1]

/ / /

---

[1] The Supreme Court in *Tome* reversed the defendant's conviction for aggravated sexual abuse of his daughter on the grounds that the trial court improperly admitted prior consistent statements by the alleged victim in that case.  *See id.* at 167.  In doing so, the *Tome* Court specifically cautioned:  "Courts must be sensitive to the difficulties attendant upon the prosecution of alleged child abusers.  In almost all cases a youth is the prosecution's only eyewitness.  But this Court cannot alter evidentiary rules merely because litigants might prefer different rules in a particular class of cases." *Id.* at 166 (citation and internal quotation marks omitted).

1   Here, the defense will be charging that the alleged victim's motive to fabricate

2   commenced with her first interview at the U.S. Embassy in Mexico City on December 17, 2007,

3   in which she was suggestively asked the leading question of whether Mr. Hardeman had ever

4   tried to have sex with her during the time she stayed with him in his hotel room, and she said that

5   he did try but that no actual sexual contact ever occurred.  *See* Declaration of Daniel P. Blank

6   (filed concurrently with this memorandum) [hereinafter "Blank Decl."] ¶ 2.  The alleged victim

7   stuck to this story, with some variations, until August 2010 when she was prepared by the case

8   agent to testify before the Grand Jury and for the first time claimed that Mr. Hardeman had

9   forcibly raped her.  *See id.*  Thus, under the terms of Rule 801(d)(1)(B) as interpreted by *Tome,*

10   any consistent statements from August 2010 would not be admissible at trial, notwithstanding

11   the impeachment with prior inconsistent statements, because they occurred after the "alleged

12   fabrication, influence, or motive came into being."

13   **CONCLUSION**

14   For the aforementioned reasons, the Court should under Rule 801(d)(1)(B) all exclude

15   prior consistent statements that post-date the commencement of the charged fabrication.

16   Dated:  June 26, 2013

17   Respectfully submitted,

18   STEVEN G. KALAR
     Federal Public Defender

19

20   /s/
     _____
21   DANIEL P. BLANK
     Assistant Federal Public Defender

22

23

24

25

26

27

28