1  STEVEN G. KALAR
   Federal Public Defender
2  DANIEL P. BLANK
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA  94102
4  Telephone:  (415) 436-7700

5  Counsel for Defendant HARDEMAN

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                    SAN FRANCISCO DIVISION

10
   UNITED STATES OF AMERICA,        )   No. CR 10-0859 RS
11                                  )
                    Plaintiff,      )   MOTION IN LIMINE TO ADMIT
12                                  )   TESTIMONY DERIVING FROM
   v.                               )   SUBPOENAED DOCUMENTS
13                                  )
   GARY HARDEMAN,                   )   Honorable Richard Seeborg
14                                  )   July 10, 2013
                    Defendant.      )   2:00 p.m.
15 _____)

LIMINE TO ADMIT SUBPOENAED DOCS

## INTRODUCTION

Defendant Gary Hardeman respectfully seeks leave of the Court to use at trial certain information deriving from subpoenaed documents relating to the alleged victim in this case. Specifically, undersigned counsel for Mr. Hardeman intends to introduce testimony at trial regarding the alleged victim's history of mental illness and her own prior inconsistent statements or omissions regarding her alleged interactions with Mr. Hardeman.

## BACKGROUND

In preparation for trial, undersigned counsel for Mr. Hardeman caused subpoenas to be served on various entities having records of contact with the alleged victim. *See* Declaration of Daniel P. Blank (filed concurrently with this memorandum) [hereinafter "Blank Decl."] ¶ 2. Upon ordering that such subpoenas issue, the Court directed that, "[s]hould defense counsel seek to disclose these documents to defendant or any other persons, counsel must first make a further application to the Court, explaining the need for such disclosure." *See id.* The Court subsequently granted the defense's request to disclose those documents to a potential expert witness, forensic psychologist Dr. Phillip W. Esplin, whose expertise is in the protocols for conducting reliable interviews of children suspected of being victims of sexual offenses, to determine what protocols were indicated for a person with the particular history of mental illness of the alleged victim here and whether those protocols were followed in this case. *See id.* The Court thereafter also granted the defense's request to disclose relevant reports to potential fact witnesses identified in the subpoenaed documents as having direct contact with the alleged victim, interviewing her or otherwise interacting with her regarding her symptoms and history of mental illness, her contact with Mr. Hardeman, or both. *See id.* One June 12, 2013, the previously-ordered discovery cut-off date, the government produced approximately 20,000 pages of documents, many of which duplicate the same documents the defense had obtained pursuant to subpoena under the protective order discussed above. *See id.* ¶ 3.

## ARGUMENT

The subpoenaed documents regarding the alleged victim in this case obtained by the defense under court order have largely been duplicated by discovery subsequently produced by

1  the government without any limiting order.  Nevertheless, to the extent that there might be some
2  information in the subpoenaed documents that does not also appear in the government's
3  discovery, Mr. Hardeman respectfully seeks leave of the Court to introduce information deriving
4  from the subpoenaed documents.  Specifically, Mr. Hardeman intends to introduce testimony at
5  trial regarding:  (1) the alleged victim's history of mental illness; and (2) her own prior
6  inconsistent statements or omissions regarding her alleged interactions with Mr. Hardeman.

7        The alleged victim will be the key witness at trial, as the only percipient witness to the
8  charged offense, without any corroborating forensic evidence.  *See* Blank Decl. ¶ 4.  As a result,
9  her ability to perceive, understand, remember and reliably testify about the alleged events in this
10 case will be of paramount importance at trial.  The information obtained by undersigned counsel
11 for Mr. Hardeman, both by court-ordered subpoena and through discovery from the government,
12 strongly indicates that the alleged victim has a lengthy and well-documented history of mental
13 illness characterized by delusions, hallucinations, and an inability to distinguish fantasy from
14 reality and the truth from falsehoods.  *See id.*  Accordingly, Mr. Hardeman will directly question
15 the alleged victim on cross-examination regarding her history of mental illness.  Should her
16 responses be inconsistent with the documented evidence, Mr. Hardeman will impeach her,
17 including by calling fact witnesses in the defense case in chief.  In addition, proffered expert
18 witness Dr. Esplin will testify in the defense's case in chief regarding whether a history of
19 mental illness affects the applicability of the established protocols for interviewing children who
20 may be victims of abuse, and whether there is any reason to believe that the alleged victim in this
21 case may have a history of mental illness.

22       The information obtained by undersigned counsel for Mr. Hardeman, both by court-
23 ordered subpoena and through discovery from the government, also indicates that the alleged
24 victim has been repeatedly interviewed and otherwise made numerous documented statements
25 regarding her alleged interactions with Mr. Hardeman that are inconsistent with her expected
26 testimony at trial.  If she does testify as expected at trial, Mr. Hardeman will impeach her with
27 prior inconsistent statements or omissions pursuant to Federal Rule of Evidence 613 or
28 801(d)(1)(A) as appropriate.  Should the alleged victim deny making the prior inconsistent

LIMINE TO ADMIT SUBPOENAED DOCS      - 2 -

statements, Mr. Hardeman will call as fact witnesses in his case in chief the persons who can testify as to those prior inconsistent statements or omissions.  Dr. Esplin will also testify in the defense's case in chief regarding whether the multiplicity of interviews of the alleged victim in this case is consistent with the established protocols for interviewing children who may be victims of abuse.

These are the proposed uses at trial of the information obtained by subpoena under court order.  Undersigned counsel for Mr. Hardeman will not utilize this information for any improper purpose, such as to harass or deliberately embarrass the alleged victim.

## CONCLUSION

For the aforementioned reasons, the Court should grant leave to Mr. Hardeman to utilize in the manner discussed in this memorandum the information deriving from documents obtained by subpoena under court order.

Dated:  June 26, 2013

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

/s/
_____
DANIEL P. BLANK
Assistant Federal Public Defender
