STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant HARDEMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 10-0859 RS |
| | ) | |
| Plaintiff, | ) | OMNIBUS MOTION IN LIMINE TO |
| | ) | EXCLUDE PORTIONS OF VIDEOTAPED |
| v. | ) | DEPOSITIONS |
| | ) | |
| GARY HARDEMAN, | ) | Honorable Richard Seeborg |
| | ) | July 10, 2013 |
| Defendant. | ) | 2:00 p.m. |
| _____ | ) | |

OMNIBUS DEPOSITION LIMINE

**INTRODUCTION**

Pursuant to Federal Rule of Criminal Procedure 15, the parties conducted videotaped depositions of witnesses in Mexico City on October 26, 2011. During those depositions, the parties expressly preserved all objections, except objections as to the form of the question. Defendant Gary Hardeman hereby respectfully raises in limine a few objections to certain limited passages of those depositions for resolution by Court at the Pretrial Conference.

**ARGUMENT**

**I.     EXCLUDE PHOTO-SPREAD IDENTIFICATIONS OF DEFENDANT**

Mr. Hardeman waived his right to be personally present at the depositions conducted In Mexico City on October 26, 2011, pursuant to Federal Rule of Criminal Procedure 15. *See* Declaration of Daniel P. Blank (filed concurrently with this memorandum) [hereinafter "Blank Decl."] ¶ 2. Instead, the witnesses called by the government at the deposition reaffirmed their prior identification of Mr. Hardeman using a photo-spread prepared by the case agent. *See id.*

Mr. Hardeman now moves under Federal Rule of Evidence 403 to exclude testimony about those photo-spread identifications. The Ninth Circuit has long recognized that photo-spreads created by law enforcement, including "mug shots," carry a special risk of undue prejudice by suggesting that the defendant has had prior law enforcement contacts. *See, e.g.. Smith v. Rhay,* 419 F.2d 160, 164 (9th Cir. 1970) ("If direct evidence of Smith's past misdeeds could not have been introduced before the jury, it seems clear that the jury should not be permitted to draw inferences to the same effect from the testimony of a witness produced by the prosecution in the presentation of its case in chief. This conclusion has been reached by many courts when confronted with similar situations. For example, the introduction into evidence of 'mug shots' for purposes of identification has been held to be highly prejudicial.") (citations omitted); *see also Morris v. Long,* 2012 WL 3276938 (E.D. Cal. Aug. 9, 2012) at *7 ("Trial courts generally exclude mug shots from evidence. Mug shots, like evidence of prior convictions, are usually not admissible under [Rule 404(b)]. Even if relevant, a mug shot tends to make people believe that the person is 'bad,' and therefore can be unfairly prejudicial [under Rule 403].").

OMNIBUS DEPOSITION LIMINE                  - 1 -

To the extent that the government needs to adduce proof to the jury that the person described by these witnesses was the same Gary Hardeman now standing trial, Mr. Hardeman hereby respectfully offers to so stipulate. It would be an abuse of discretion for the Court to reject such a stipulation to a fact that would otherwise require the government to adduce prejudicial testimony at trial. *See, e.g., Old Chief v. United States,* 519 U.S. 172, 175 (1997) (holding that "a district court abuses its discretion if it spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction") (footnote omitted); *see also United States v. Hernandez,* 109 F.3d 1450, 1452 (9th Cir. 1997) (following *Old Chief*).

**II.  EXCLUDE TESTIMONY REGARDING MEXICAN INVESTIGATION**

The government elicited testimony from witness Omar Alvarez indirectly addressing an investigation into the allegations against Mr. Hardeman by Mexican authorities. *See* Blank Decl. ¶ 3. Testimony about any such investigation by Mexican authorities is irrelevant to the prosecution here, and carries a substantial risk of unfair prejudice. Therefore, the testimony should excluded under Rule 403.

**III.  EXCLUDE HEARSAY BY WITNESS SONIA VERA RODRIGUEZ**

The government elicited hearsay testimony from witness Sonia Vera Rodriguez regarding a warning she claims to have given to a young adult co-worker not to get "involved with" Mr. Hardeman because "he had many girlfriends." *See id.* ¶ 4. The content of such a prior out of court statement by Ms. Rodriguez is inadmissible hearsay if offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). If not offered for the truth, it is irrelevant under Rule 401 and obviously prejudicial under Rule 403. Therefore the testimony should be excluded.

**IV.  EXCLUDE OTHER ACTS EVIDENCE UNDER RULES 404(b) AND 403**

Three of the witnesses at the deposition testified regarding matters that, directly or indirectly, Mr. Hardeman has separately moved to exclude under Rule 404(b). Accordingly, Mr. Hardeman hereby respectfully moves the Court to exclude the following specific passages of testimony from trial under Rules 404(b) and 403.

1    Sonia Vera Rodriguez testified on cross-examination that she remembered, apart from the
2 alleged victim in this case, another "young girl" named "Crystal" who allegedly visited Mr.
3 Hardeman in his room at the Hotel Juarez. *See* Blank Decl. ¶ 5. Ms. Rodriguez estimated the
4 girl's age to be 17 or 18 years old, but did not confirm that estimation by checking her
5 identification or asking her directly. *See id.* Ms. Rodriguez testified that had Mr. Hardeman had
6 been staying at the hotel regularly for 10 years, but could not say when the incident with
7 "Crystal" might have occurred, stating: "Around 2005, 2006. I don't know." *Id.* The Court
8 should exclude this testimony under Rules 404(b) and 403. As a procedural matter, the
9 government has not given timely notice of its intent to introduce such testimony under Rule
10 404(b). Moreover, as a substantive matter, Ms. Rodriguez could not say whether "Crystal" was
11 a minor or not, and has no apparent scientific or medical knowledge that would permit her to
12 distinguish between an adult of 18 years and a minor of 17 years. Moreover, Ms. Rodriguez
13 could not testify as to when this incident might have happened. If "Crystal" had clearly been a
14 minor, and Ms. Rodriguez could more precisely identify when this incident might have
15 happened, then its probative value would be higher. But, in any event, the risk unfair prejudice
16 and jury confusion should lead the Court on balance to exclude the testimony.

17    Martha Cortes Morales, the aunt of Maricarmen Arroyo (who is the mother of Mr.
18 Hardeman's adult daughter Whitney Anna Hardeman Arroyo), testified regarding whether
19 Maricarmen Arroyo was under or over the age of 18 when she first met Mr. Hardeman. *See id.*
20 ¶ 6. She was also asked by the government whether she was aware of Mr. Hardeman's alleged
21 prior criminal conduct. *See id.* For the reasons set forth in Mr. Hardeman's separately filed
22 motion to exclude evidence under Rules 404(b) and 403 specifically addressing these topics, this
23 testimony should be excluded from trial.

24    Finally, Mr. Hardeman's adult daughter, Whitney Anna Hardeman Arroyo, testified
25 about photographs "of a little girl" and writings previously shown to her by the case agent which
26 had been allegedly possessed by Mr. Hardeman. *See id.* ¶ 7. For the reasons set forth in Mr.
27 Hardeman's separately filed motion to exclude evidence under Rules 404(b) and 403 specifically
28 addressing these topics, this testimony should be excluded from trial.

OMNIBUS DEPOSITION LIMINE            - 3 -

1 **CONCLUSION**

2  For the aforementioned reasons, certain limited passages from the videotaped should be
3 excluded from trial.

4 Dated: June 26, 2013

5           Respectfully submitted,

6           STEVEN G. KALAR
          Federal Public Defender

7           /s/

8           _____
          DANIEL P. BLANK
9           Assistant Federal Public Defender