STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone:  (415) 436-7700

Counsel for Defendant HARDEMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 10-0859 RS |
| | ) | |
| Plaintiff, | ) | MOTION IN LIMINE TO EXCLUDE |
| | ) | TESTIMONY OF FEDERAL AGENTS |
| v. | ) | WITHOUT *HENTHORN* DISCLOSURE |
| | ) | |
| GARY HARDEMAN, | ) | Honorable Richard Seeborg |
| | ) | July 10, 2013 |
| Defendant. | ) | 2:00 p.m. |
| _____ | ) | |

.

EXCLUDE FED. AGENT TESTIMONY

## INTRODUCTION

To date, the government has not disclosed any information from the personnel files of the federal law enforcement agents it intends to call at trial, pursuant to the requirements of *Giglio* and *Henthorn*. The Court set a cut-off date for this information of June 12, 2013. Accordingly, the Court should exclude from trial the testimony of all government witnesses about whom such information exists but was not timely disclosed.

## ARGUMENT

The court set a "June 12, 2013, cut-off date" for any outstanding discovery and evidentiary disclosures," including those "required by Brady/Giglio." Order (Docket #125) (filed Mar. 1, 2013). However, the government has yet to provide the defense with any information from the personnel files of the federal agents who worked on Mr. Hardeman's case, as required by *Giglio v. United States,* 405 U.S. 150 (1972), and *United States v. Henthorn,* 931 F.3d 29 (9th Cir. 1990). Accordingly, the Court should exclude any testimony of all federal agents for whom the government has not timely produced material information from his or her personnel files.

The government has "a duty to examine personnel files upon a defendant's request for production." *Henthorn*, 931 F.2d at 31 (citing *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984)); *see also Milke v. Ryan*, 711 F.3d 998, 1016 (9th Cir. 2013) (citing *Henthorn*). With regard to the personnel files of testifying federal agents, the government has a duty to "disclose information favorable to the defense that meets the appropriate standard of materiality." *Cadet*, 727 F.2d at 1467. Personnel files meet this standard of materiality if they "contain information that is or may be material to the defendant's case." *Henthorn*, 931 F.2d at 31.

The defense has no burden to show that the requested evidence is material in order to trigger government examination of such evidence. *See id.* Rather, "[t]he obligation to examine [personnel] files arises by virtue of the making of a demand for their production." *Id.* If the contents of the files indicate that they are or may benefit the defense – or even if they are simply relevant to the defense's case – then the files must be furnished to the defendant. *See id.* If the government is unsure whether the files is material to the defense, then "it may submit the

EXCLUDE FED. AGENT TESTIMONY                - 1 -

1  information to the trial court for an *in camera* inspection and evaluation." *Cadet,* 727 F.2d at
2  1467-68 (quoting *United States v. Gardner*, 611 F.2d 770, 775 (9th Cir. 1980)).

3        Along these lines, in *United States v. Calise*, the Ninth Circuit held that it was error to
4  deny the defense access to evidence that a federal magistrate judge had described one of the
5  agent's testimony in a prior case as "absolutely incredible."  996 F.2d 1019, 1021 (9th Cir. 1993)
6  (citing *Henthorn*, 931 F.2d at 31).  Even though the magistrate judge wrote a statement
7  explaining that he "was wrong to use any such terminology" to describe the prior testimony, the
8  court held that the defense should have been provided access to the agent's personnel file
9  because "the case might have been differently regarded by the jury if the defense had been able
10 to bring out what was in the file." *Id.*

11       Here, the government has not disclosed information from any federal agent personnel
12 files as required by *Henthorn.*  The testimony of all federal agents for whom the government has
13 failed to timely disclose material information should be excluded from trial.

14 **CONCLUSION**

15       For the aforementioned reasons, the Court should exclude from trial the testimony of the
16 agents involved with Mr. Hardeman's case whose personnel files have not been reviewed or
17 produced for the defense.

18 Dated:  June 26, 2013

19       Respectfully submitted,

20       STEVEN G. KALAR
      Federal Public Defender

21

22       /s/
      _____
23       DANIEL P. BLANK
      Assistant Federal Public Defender

24
25
26
27
28