MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

JANAKI GANDHI (CABN 272246)
Special Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7241
    FAX: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-0859 RS |
| Plaintiff, | THE UNITED STATES' NOTICE AND MOTION IN LIMINE TO ADMIT EVIDENCE OF OTHER ACTS UNDER FED. R. EVID. 404(b) |
| v. | |
| GARY LEE HARDEMAN, | Date: July 10, 2013 |
| Defendant. | Time: 2:30 p.m. |
| | Place: Courtroom 3, 17th Floor |

**INTRODUCTION**

The United States intends to introduce evidence of other acts at trial to show defendant Gary Hardeman's intent, plan, and lack of accident at the time of the charged sexual assault, under Fed. R. Evid. 404(b). Specifically, the United States seeks to introduce the following evidence: (1) that Hardeman conducted internet searches for child pornography and pictures of nude pre-teen children several months after the charged sexual assault; (2) that he took sexually explicit photographs of a naked teenage girl at the same hotel in Mexico City where the charged assault took place; (3) that he kept personal notes describing his sexual interest in children, and advocating that the age of sexual consent be lowered to ten;

(4) that he self-published a book advocating that children be allowed to "grow up faster;" and (5) that an employee at the Mexico City hotel testified that Hardeman habitually took young women to his hotel room, that he always made a point of saying they were of age, and that she saw Hardeman take another girl named "Crystal" to his room who looked underage, and who was the subject of the sexually-explicit pictures that Hardeman took.

The Court should find this evidence relevant to intent, plan, and lack of accident under Fed. R. Evid. 404(b).

## STATEMENT OF FACTS

In 2008, ICE agents executed a search warrant at the home where Hardeman lived with his parents. While executing the search warrant, agents found a notebook filled with handwritten notes organized by tabs into topics such as "Religion," "Politics," and "Etc." The notebook contains references that identify it as belonging to Hardeman, such as a letter "dedicated to the mother of my daughter, [who is named]," a photocopied ad for a book by Hardeman, a proof copy of the book by Hardeman, and notes about Hardeman's failed marriage with his ex-wife, who is named. The notes include admissions of Hardeman's sexual preference for underage girls, and of his wish that sex with children was legal. Examples of these statements, which are attached to the Martikan Decl. as Exhibit 1, follow:

> Bitchy women make me uncomfortable, because they remind me of my overdominating and abusive mother. Even though I'm just as attracted to older women, I also engage myself with young teenage girls, because they usually haven't yet been tainted by men who are jerks. They are more open and less bitchy. GH0780.

> Child sexual abuse can be psychologically damaging, because the child is forced to a higher level of development before he's able to find out for himself what steps he needs to take to get there. However, any sexual activity consented to, or initiated by the child is healthy, as it is within his capacity and dealt with on his own terms. He's choosing his own steps and that's a necessary function to grow. GH0785.

> All adolescents go through a stage of discovering their sexuality, running the gamut of innocently touching their bodies and masturbation to having one form or another of physical/sexual contact with others. This is normal and will not change. [footnote omitted.] Why do some people suddenly label it child pornography if someone captures the moment on film? GH0788.

What part of "no" don't I understand? The part where the body says "yes." And it's the body that speaks the truth, not the mouth. GH0794.

Sexual molestation is illegal, because, in part, psychological studies have shown that victims grow up to be sexual molesters themselves. It has also been proven that victims of religious brainwashing (in the home or in religious schools) grow up to be brainwashers, too, even with their own children. So why isn't this abhorrence outlawed also? Or looking at it from a different angle, why not legalize child molesting like we do religious brainwashing? GH0807.

[I]f all your fears were overcome, if all your objections were handled, would you allow your 13 year old daughter to have sex with whomever she desired? [L]ogically, your answer should be yes, because the only reason you would disallow her to have sex in the first place, is any fear you may have. [footnote omitted] If your answer is still no, you are either a hypocrite or you're basing your answer on emotions. Let's talk to some people and try to overcome their fears with logic. Let's see how many people will still view the situation with ignorance and misguided emotions. GH0887.

Why do I enjoy sex with teenage girls as well as adults? I'm sure it's because of an unresolved conflict I've had since I was a teenager myself. I had conflicts trying to figure out society's illogical restrictions and prejudice against teen sex and I couldn't figure out why, if we claim to be intelligent, we cannot overcome our antiquated conditioning. GH0888

It may be embarrassing for me to have criminal charges for sex offenses, but I'm not ashamed. I consider them battle-scars in the revolution for true sexual freedom for all individuals. [fn: true sexual freedom means being free from the repression, stupidity and ignorance surrounding sex.] GH0888.

Annoyance is when you go against someone's will or consent. Since a minor is not recognized by law as having a will or consent, how can you go against something that's not there. How can a minor be annoyed, according to this same law? If you don't want to be a hypocrite, you must either admit that a minor can consent and therefore have the potential to be annoyed, or that it's legally impossible to annoy a minor. GH0888.

Questionnaire for parents who would allow their adolescent daughters to have sex: If you were assured that a 30 yr old man was mentally competent and stable, would you allow your 14 yr old daughter to have sex with him if she chose to? GH0891.

Sexual molestation is detrimental to the emotional development of a child, not because of the sexual stimulation, but because of the molestation. It is

> an invasion of privacy. Sex doesn't always have to be involved to invade a child's privacy, nor is a child's being sexually stimulated an invasion of privacy if he or she wants to be a part of it. GH0892.
>
> It's against the law to sexually excite, or attempt to sexually excite a minor under the age of 18, because they don't have legal consent. But a person cannot become sexually excited unless he consents. If a minor cannot legally consent, then he cannot be legally considered sexually excited or sexually attempted, therefore nobody can be convicted of this so-called crime. GH0893.
>
> Is it child molestation if you have sexual contact with a person under the age of 18, yet with a mental age of an adult? GH0894.
>
> Is it child abuse or molestation when the youngster wants and enjoys the sexual attention? I fail to see how we can label it sexual molestation if a person is sexually aroused. If a person was truly bothered, he couldn't be aroused. If he's being aroused, obviously he's not being bothered or abused. GH0894.

Hardeman drew a chart in this notebook, in which he wrote that the "sex laws of a sane and intelligent society" would allow a ten-year-old child to engage in "any consenting sexual contact by any age." GH0889, Martikan Decl., Exhibit 1. Hardeman's self-published book includes the suggestion that "[a] more sensible way our society can grow up is to allow our children to grow up faster. The sooner they mature into adults, the more time and opportunity they'll have to push through the ceiling of our present society and expand upward before they become too old and tired." *Id.*, GH0608. He proposes a constitution for a "New America" in which 16-year-olds are allowed to make decisions "affecting his personal life." *Id.*, GH0645.

ICE agents found a laptop computer, apparently hidden in the basement of the home where Hardeman lived with his parents. A forensic analysis of the laptop revealed that the user was named "Gary" and that the laptop contained multiple copies of Hardeman's resume. The laptop also showed that between May 17, 2008, and September 28, 2008, Hardeman performed the following internet searches: "preteen models," "preteen porno," "preteen," and "naked preteen models." The forensic analysis including this information is filed herewith as Exhibit 2 to the Martikan Declaration.

ICE agents developed pictures from 35 mm film that Hardeman possessed, which showed a nude teenage girl in various poses, including a sexually explicit pose. From the background, the pictures

appeared to have been taken at the same hotel at which Hardeman sexually abused the victim in this case. A hotel employee remembers seeing Hardeman take this girl to his room, and thought that she looked underage.

This evidence has all been produced to the defense.

## ARGUMENT AND AUTHORITIES

### I. RULE 404(b) ALLOWS THE ADMISSION OF OTHER ACT EVIDENCE TO SHOW INTENT, PLAN, AND LACK OF ACCIDENT.

Fed. R. Evid. 404(b) is a rule of inclusion that allows the admission of evidence of the defendant's other acts if they are relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. This rule allows the admission of both prior and subsequent acts, and is subject only to the limitations of Fed. R. Evid. 403. *United States v. Sioux*, 362 F.3d 1241, 1246 (9th Cir. 2004) (admission of subsequent bad acts); *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (limited only by Fed. R. Evid. 403). The Ninth Circuit has developed a four-part test to evaluate the admission of Rule 404(b) evidence, which examines: (1) whether the evidence tends to prove a material fact; (2) whether the other act is not too remote in time; (3) whether the evidence is sufficient to support a finding that the person committed the act; and (4) where knowledge is at issue, whether the act is similar to the crime charged. *Untied States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996). Evidence that is "inextricably intertwined" with the facts and elements of the crime charged is not subject to Rule 404(b) requirements. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987).

The Ninth Circuit has admitted, under Rule 404(b), a defendant's possession of sexual stories involving children and adults in a child sex tourism prosecution under 18 U.S.C. § 2423(b), as evidence of the defendant's intent to have sex with a minor. *Curtin*, 489 F.3d at 948. The Ninth Circuit found that the sexual stories "clearly illuminated his thoughts and his subjective intent to carry out his daddy/daughter sexual initiation escapades with a juvenile, not an adult." *Id*. The Ninth Circuit found the intent evidence particularly relevant given the defendant's claimed innocent intent. *Id*.

Similarly, in a child sex tourism prosecution under 18 U.S.C. § 2423(b), the Second Circuit upheld the admission of prior act evidence under Rule 404(b) consisting of child erotica and child pornography, because the evidence showed the defendant's intent to engage in illicit sexual activity. *United States v.*

USA IN LIMINE MOTION RE: RULE 404(b)
CR 10-0859 RS                                        5

*Brand*, 467 F.3d 179, 197 (2d Cir. 2006). And the Seventh Circuit, in *United States v. Knope*, 655 F.3d 647, 657 (7th Cir. 2011), affirmed the admission of Rule 404(b) evidence consisting of explicit internet chats to show the defendant's intent and lack of mistake, namely, that he had a sexual interest in minors.

### A. Hardeman's Internet Searches For Child Pornography Are Admissible Under Rule 404(b) to Show Intent.

The Court should admit Hardeman's internet searches for child pornography and erotica, conducted five to eight months after the charged sexual assault, to show his intent to have sex with children. The search terms that Hardeman used, particularly "preteen porno" and "naked preteen models," show a sexual interest in young minors. The evidence is not too remote in time, given that the first search was conducted just five months after the charged sexual assault. The evidence that Hardeman conducted these searches is strong, given that the administrative user on the laptop is "Gary," that the laptop shows other evidence of use by Hardeman, such as multiple copies of his resume, and that the laptop was found in his home. And because knowledge is not at issue, the similarity of the searches to the charged crimes is not relevant.

### B. Hardeman's Writings Glorifying Sex With Children Are Admissible Under Rule 404(b) to Show Intent.

Hardeman's lengthy writings about his sexual attraction to children and the unfairness of laws against child molestation are admissible to show his intent to have sex with children. Hardeman confesses his attraction to young teenage girls, admits that he enjoys sex with teenage girls, and denigrates as "hypocrites" parents who would never allow their 13-year-old daughter to have sex with whomever she chooses. Hardeman attacks laws against child molestation, and writes that an "intelligent and sane" society would lower the age of consent to ten. Hardeman views his previous child molestation convictions not as crimes, but as battle scars in a fight to achieve true sexual freedom. The writings were in Hardeman's possession less than a year after the charged conduct, kept in his home, and organized in a tabbed notebook, all of which suggests that Hardeman had not discarded or disavowed these beliefs. The writings were found among documents referring to Hardeman, such as a galley copy of his book "Life Made Easy," and included handwritten references to people close to Hardeman, such as his daughter and

his ex-wife. The handwriting is consistent, indicating that the notes were all written by the same person. Hardeman admitted under oath that the writings existed in his verified answer to the government's complaint for forfeiture, at ¶ 17. Both documents are attached to the Martikan Declaration as Exhibits 3 and 4. Hardeman's book contains similar writings concerning the age of consent, and the ability of 16-year-old children to make choices about their personal lives. Because knowledge is not at issue, the similarity of the notes to the charged crimes is not relevant.

### C. Hardeman's Sexual Photographs of a Teenage Girl, His Pattern of Use of the Mexico City Hotel Room, and His Related Admissions Are Admissible Under Rule 404(b) to Show Hardeman's Intent, Plan, and Lack of Accident.

Hardeman took 14 nude sexual photographs of a teenage girl in the same Mexico City hotel that he used to sexually assault the victim in this case. A hotel employee saw Hardeman take the girl to his room, and thought that the girl looked underage. One of the photographs is overtly sexually explicit, as it depicts the girl with her legs spread apart to focus on her vagina. The hotel employee testified that this girl and the victim in this case were the youngest of several women that Hardeman regularly took to his room. Hardeman signed his hotel card "y novia," meaning "and girlfriend," to accommodate his frequent overnight visitors. Hardeman told another American guest at the hotel in January, 2008, that it was easy to go out with young girls in Mexico City. When Hardeman was interviewed by ICE agents in November 2008, he told them several times that "Whatever happens in Mexico, stays in Mexico. That's why I go there."

The Court should admit this evidence under Rule 404(b) because it shows Hardeman's intent, plan, and lack of accident. Specifically, the evidence shows that Hardeman used his Mexico City hotel room for trysts with "young girls" whom he met in Mexico City, that his interest in young girls was sexual, and that his decision to keep the minor victim in his hotel room was not an accident, but part of an ongoing plan to use the hotel room for sexual encounters with young girls.

**CONCLUSION**

For the reasons stated above, the Court should grant the government's motion in limine to allow the admission of other acts evidence under Rule 404(b).

DATED: June 26, 2013

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
_____
OWEN P. MARTIKAN
Assistant United States Attorney