MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorney

JANAKI GANDHI (CABN 272246)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    owen.martikan@usdoj.gov
    janaki.gandhi@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-0859 RS |
|     Plaintiff, | THE UNITED STATES' MOTION IN LIMINE TO PRECLUDE ADMISSION OF DOCUMENTS UNDER PROTECTIVE ORDER |
|     v. | |
| GARY LEE HARDEMAN, | Date: July 10, 2013 |
|     Defendant. | Time: 2:30 p.m. |
| | Place: Courtroom 3, 17th Floor |

**INTRODUCTION**

The United States respectfully moves *in limine* for an order precluding the admission into evidence of the documents subpoenaed by the defense under protective order.

The defense provided the government with discovery on June 12, 2013, and June 20, 2013. This discovery included documents subpoenaed by the defendant under a protective order issued by the Court on July 20, 2011. The documents consist of the following: (1) filings, custody assessments, and court orders relating to the victim's custody proceedings; (2) the victim's mental and physical health evaluations, interviews, and diagnoses; and (3) the victim's school records. According to the protective

order, the subpoenaed documents are for "Attorney Eyes Only," and may not be disclosed to any other person, or used at trial, unless the party seeking to use the documents makes an application to the Court explaining the need to do so.

The defense has not yet submitted an application to use the subpoenaed documents at trial. However, in the event the defense submits such an application, the government respectfully requests the Court to preclude admission of the subpoenaed documents. The documents are not relevant to the present prosecution and their admission would result in unfair prejudice to the victim, confusion of the issues, misleading the jury, and wasting time.

**ARGUMENT AND AUTHORITIES**

Under the Federal Rules of Evidence, all relevant evidence is generally admissible unless there is a reason for exclusion. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence ... more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is subject to exclusion, however, under Fed. R. Evid. 403, if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Court should preclude admission of the filings, custody assessments, and court orders relating to the victim's custody proceedings. Following the victim's abandonment in Mexico in December 2007 and June 2008, agencies and courts in Mexico and the United States attempted to either reunite the victim with her family or place her in a foster home in the United States. The documents produced in this effort therefore include filings by attorneys and social workers seeking a resolution to the victim's custody status, assessment reports compiled by agencies such as the Texas Department of Family and Protective Services and the Department of Education, Health, and Social Development in Mexico, and court orders from Mexico and Texas relating to the victim's custody. These documents are collateral to the present prosecution. The issues stemming from the victim's custody proceedings do not contain information relating to the alleged sexual abuse at issue in this trial. Rather, the issues contained in these documents concern assessments of the victim's home life in the United States, including the abuse she suffered at the hands of her family in Texas, and logistical matters regarding the victim's custody determinations. As a

result, these documents will not elucidate the specific events that transpired in Mexico between the defendant and the victim in December 2007.  This is especially true of the custody proceedings following the victim's abandonment in June 2008, which, apart from being a collateral matter, are temporally distant from the specific events at issue in trial.  Even assuming these documents are relevant, however, their probative value is greatly outweighed by the danger of unfair prejudice to the victim, confusion of the issues, misleading the jury, and wasting time.  Introduction of these documents will unnecessarily devote time to the victim's home life in the United States.  This will wrongly force attention on sensitive childhood issues affecting the victim, apart from the alleged sexual abuse already at trial.  It will also unnecessarily expose the jurors to information that does not directly bear on the relevant events that occurred in Mexico in December 2007 between the defendant and the victim, thereby wasting time and risking confusion of the issues and misleading the jury.  Consequently, the Court should preclude admission of the documents relating to the victim's custody proceedings.

      The Court should also preclude admission of the evaluations, interviews, and diagnoses of the victim's mental and physical health.  These documents have been compiled in connection to the victim's custody proceedings and placements.  They provide information regarding the victim's mental and physical health following her abandonment in Mexico in December 2007 and June 2008 for the purpose of determining an appropriate resolution to her custody status and assessing her adjustment to foster care.  The information contained in these documents is also collateral to the present case.  The majority of the information was compiled after the June 2008 incident, and thus well after the alleged sexual abuse by the defendant in December 2007.  In addition, because the mental and physical reports were compiled as part of the victim's custody proceedings in an effort to track her ability to adapt with foster families, they only marginally offer evidence bearing on the alleged sexual abuse in Mexico in December 2007.  Indeed, the physical health reports are routine and superficial in nature, and the mental health reports touch on a variety of issues, such as the victim's mother's psychological evaluations and the victim's relationship with her family, which have no bearing on the alleged sexual abuse.  If admitted into evidence, the reports would unfairly prejudice the victim, waste time, confuse the issues, and mislead the jury.  Admission of the reports would focus unnecessary attention on the victim's upbringing and family issues, which are sensitive matters personal to the victim.  In addition, admission of the reports would divert the attention of

the jury from the specific offense at issue to the victim's life story, most of which does not bear on the alleged sexual abuse in Mexico in December 2007. As a result, the reports detailing the victim's mental and physical health should be precluded from admission into evidence.

Finally, the Court should preclude admission of the victim's school records. These records are dated from 2008 to the present, and contain the victim's test scores, independent education plans, and other reports regarding her placement and progress in school. These records do not provide information bearing upon the alleged sexual abuse of the victim by the defendant in Mexico in December 2007, and are therefore wholly irrelevant to the present case. If admitted into evidence, these records would waste tine by focusing on extraneous information about the victim that does not touch upon the elements of the crime. As a result, the Court should preclude admission of the victim's school records.

## CONCLUSION

For the reasons stated above, the Court should grant the government's motion *in limine* to preclude the admission of the documents under protective order.

DATED: June 26, 2013                    Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
_____
JANAKI GANDHI
Special Assistant United States Attorney