MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

JANAKI GANDHI (CABN 272246)
Special Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7241
    FAX: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 10-0859 RS |
| Plaintiff, | THE UNITED STATES' MOTION TO STRIKE AND OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS COUNT TWO UNDER THE EX POST FACTO CLAUSE |
| v. | |
| GARY LEE HARDEMAN, | |
| Defendant. | Date: July 10, 2013<br>Time: 1:00 p.m.<br>Place: Courtroom 3, 17th Floor |

Hardeman has renewed his motion to dismiss count two on ex post facto grounds, ostensibly based on the Supreme Court's recent decision applying the Ex Post Facto Clause to advisory sentencing guidelines that increased the recommended punishment for an offense after the defendant had committed it. *Peugh v. United States*, 133 S. Ct. 2072 (2013).

The Court should strike Hardeman's motion for failing (once again) to follow the procedure for motions to reconsider outlined in this District's local rules, specifically the requirement that he seek the Court's leave before filing such a motion. Northern District Local Rule 7-9.

1   But if the Court is inclined to reach the merits of Hardeman's motion, it should conclude that the
2   motion has no basis in the law.  The Supreme Court's decision in *Peugh* is irrelevant to any issue in this
3   case.  In *Peugh*, the Supreme Court held that the application of sentencing guidelines to a defendant at
4   sentencing that were higher than the sentencing guidelines in effect when the defendant committed the
5   crime violated the Ex Post Facto Clause because they increased the punishment for a previously-
6   committed crime, even though the sentencing guidelines were no longer mandatory.  133 S. Ct. at 2084.
7   The Supreme Court did not address recidivism statutes, or suggest that any aspect of the Ninth Circuit's
8   reasoning in this case was no longer correct.  The *Peugh* opinion does not even include dicta that bears on
9   the Ninth Circuit's decision.
10   The Court should strike or deny Hardeman's renewed motion to dismiss.

11  DATED: July 3, 2013                                Respectfully submitted,

                                                      MELINDA HAAG
                                                      United States Attorney

                                                              /s/
                                                      _____
                                                      OWEN P. MARTIKAN
                                                      Assistant United States Attorney