MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

OWEN P. MARTIKAN (CABN 177104)
Assistant United States Attorney

JANAKI GANDHI (CABN 272246)
Special Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7241
    FAX: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR 10-0859 RS |
| Plaintiff, ) | |
| ) | THE UNITED STATES' TRIAL BRIEF |
| v. ) | |
| ) | |
| GARY LEE HARDEMAN, ) | Date: July 22, 2013 |
| ) | Time: 8:30 a.m. |
| Defendant. ) | Place: Courtroom 3, 17th Floor |

**INTRODUCTION**

The defendant in this trial, Gary Hardeman, is accused of engaging in illicit sexual conduct in foreign places, and attempting to do so, in violation of 18 U.S.C. § 2423(c) and (e), and with doing so while under an obligation to register as a sex offender, in violation of 18 U.S.C. § 2260A. The government expects the evidence to show that Hardeman traveled to Mexico City in October 2007, and stayed there until January 2008. In December 2007 he approached a 13-year-old girl who was sitting on the sidewalk near his hotel, took her to dinner and a movie, and then took her back to her hotel room, where she stayed for five days. Hardeman repeatedly asked the girl to have sex with him, and after she

refused his advances, he forced her to have sexual intercourse with him. He then dropped her off at the U.S. Embassy. At the time, Hardeman was required to register as a sex offender based on his 1980 and 1986 convictions for sex offenses that also involved young teenage girls.

## STATEMENT OF FACTS

In December 2007, Hardeman approached a 13-year-old girl – referred to here as "R." – who was lost and sitting alone on a sidewalk in Mexico City. Hardeman asked R. what her name was, told her that he knew her mother, and kissed her. Hardeman also asked R. how old she was, and R. told him she was 13. Hardeman bought R. some food, took her to a movie, and then took her back to his hotel room. The hotel room had one bed and no windows. Hardeman told R. to take a shower. R. locked the door while she was showering, but she heard Hardeman trying to open the door. After R. finished her shower, she put her clothes back on. Hardeman then took a shower, and came out of the bathroom wearing only a pair of bikini underwear. He got into bed and told R. to get in bed with him. Hardeman touched the side of R.'s body from her armpit to her thigh. R. told Hardeman to stop, but he wouldn't, so R. got out of the bed and slept on the floor. The next morning, Hardeman asked R. to have sex with him, but she refused. A couple days later, Hardeman asked R. to have sex with him again, and when she refused, he grabbed R. by her shoulders and pushed her down onto the bed. Hardeman held R. down by her neck, pulled down his pants, and then pulled down R.'s pants and underwear. Hardeman then put his penis in R.'s vagina. When Hardeman had finished raping R., she ran to a corner of the room and cried.

On December 13, 2007, Hardeman visited the U.S. Embassy in Mexico City and spoke to a Foreign Service officer. He told the officer that he had found a U.S. citizen child who lived on the streets of Mexico City near his hotel. Hardeman claimed that he tried to convince the child to come to the Embassy with him but she refused. Four days later, on December 17, 2007, Hardeman returned to the U.S. Embassy, this time with R. Hardeman stated that he had found R. five days earlier. R. later told embassy employees that she had stayed in Hardeman's hotel room for five days, and that Hardeman had tried to convince her to have sex with him. During Hardeman's first visit to the embassy, he did not tell embassy employees that R. was staying in his hotel room.

Two months later, Hardeman emailed the Foreign Service officer whom he had met in Mexico City. He wrote that he was "the one who brought 13-year-old R. to the embassy near the end of 2007" and

that he "had a right to know if she was taken care of properly." He asked the Foreign Service officer where R. was, and to give her his email address and ask her to keep in touch with him.

Employees at the Mexico City hotel where Hardeman stayed with R. remember that Hardeman stayed their regularly, and often took women to his room. The manager told Hardeman that he could only have registered guests in his hotel room, so Hardeman wrote "Hardeman and girlfriend" in Spanish on his registration card. The hotel employees saw Hardeman approach R. on the street, and saw Hardeman take her to his room. A maid found a pair of girl's panties in the garbage can in Hardeman's hotel room. The room that Hardeman stayed in is just large enough for one double bed, and has no windows. The month after R. stayed with Hardeman, he made the acquaintance of George Eaton, another American staying at the hotel. Hardeman told Eaton that he comes to Mexico City because he likes going out with young girls. Agents who searched Hardeman's camera found film containing 14 photographs of a young teenage girl, including one in which she spreads her legs to the camera, exposing her vagina. A hotel employee remembers Hardeman bringing this girl to his room, remembered the girl's name, and that she looked very young.

When ICE agents later interviewed Hardeman about R., he lied to them, telling them that when he met R. in Mexico City and learned she was a U.S. citizen, he immediately took her to the U.S. Embassy and dropped her off. When agents pressed Hardeman about how much time he had spent with R., he admitted that it was "a few days." Hardeman then refused to answer any more questions about R. In a later interview, Hardeman told agents that he visits Mexico City because "what happens in Mexico City stays in Mexico City."

A forensic analysis of a computer in Hardeman's home shows that Hardeman used the computer, about eight months after his sexual assault of R., to search for child pornography on the internet. In personal writings, Hardeman confesses his sexual attraction to young teenage girls, and that he considers his previous convictions for sex offenses involving children to be "battle scars" in his personal fight for more liberal laws regarding the age of consent. Though Hardeman's writings argue that consensual sex between an adult and a child as young as ten should be legal, he also writes that he cannot understand when the mouth says "no" but the body says "yes."

USA TRIAL BRIEF
CR 10-0859 RS                                    3

## ARGUMENT AND AUTHORITIES

The elements of an offense under 18 U.S.C. § 2423(c) are (1) the defendant is a United States citizen or alien admitted for permanent residence; (2) the defendant traveled in foreign commerce; and (3) the defendant engaged in illicit sexual conduct with another person, or attempted the same, after having traveled in foreign commerce. The elements of an offense under 18 U.S.C. § 2260A (in the context of this case) are that the defendant committed a violation of 18 U.S.C. § 2423(c) or an attempted violation of 18 U.S.C. § 2423(c) while being required by Federal or other law to register as a sex offender.

Section 2423(c) defines illicit sexual conduct as a sexual act with a person younger than 18 that would be a violation of Chapter 109A if it had occurred in the special maritime and territorial jurisdiction of the United States, or any commercial sex act with a person younger than 18. The government has previously clarified that it does not contend that Hardeman engaged in a commercial sex act, and that the sexual act that the government will prove involves contact between the penis and vulva, as described in 18 U.S.C. § 2246(2)(A). The violation of Chapter 109A that Hardeman committed is sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a). This is commonly known as the federal statutory rape law, and criminalizes a person's knowingly engaging (or attempting to engage) in a sexual act with someone who is at least 12 but younger than 16 years of age, and who is at least four years younger than the defendant.

As the Court is aware from the parties' other pretrial filings, numerous evidentiary and trial management issues remain to be resolved before the trial of this case begins. The government will not review those issues here. The Court's rulings at the pretrial conference will significantly affect the shape of the trial. At this point, however, the government remains hopeful that a trial can be completed in two weeks, depending upon the length of defense cross-examination, the number of defense and rebuttal witnesses, and whether the counts are tried together or separately, as the defense has requested.

DATED: July 3, 2013                                  Respectfully submitted,

MELINDA HAAG
United States Attorney
                    /s/
_____
OWEN P. MARTIKAN
JANAKI GANDHI
Assistant United States Attorneys