IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00859 RS |
| Plaintiff, | **SECOND ORDER RE: MOTIONS IN LIMINE** |
| v. | |
| GARY HARDEMAN, | |
| Defendant. | |

Defendant filed a motion in limine to exclude evidence of his prior withdrawn guilty pleas and expunged convictions as (1) categorically inadmissible under FRE Rule 410, (2) untimely[1], (3) inadmissible bad character evidence under FRE Rule 404(b), and (4) additionally inadmissible under FRE Rule 403. The Government seeks to admit this conduct under FRE Rules 413 and 414, allowing the admission of similar crimes as propensity evidence in sexual assault cases. Defendant's request to provide supplemental briefing on the admissibility of these past acts was granted. For the following reasons, admission of both the underlying conduct and

---

[1] As the government seeks to introduce this evidence under FRE Rules 413 and 414, not FRE Rule 404(b), defendant's arguments regarding disclosure are inapt. Further, as described in the First Order Re: Motions in Limine, disclosure under FRE Rule 404(b) was not untimely.

convictions of the 1979 and 1986 incidents are permissible in the government's case-in-chief. In light of that conclusion, defendant's further request to bifurcate the trial of this action is denied as unnecessary.

Defendant concedes that the 1979 conviction falls under FRE Rule 413, as it involved, at a minimum, the touching of breasts. Against that reality, his argument has shifted to a complaint that the Court has supplied the Government with a last minute theory of admissibility. To the contrary, the Court simply read the plain terms of the statute, which should come as no surprise to the defense, and which is a far cry from supplying a litigation theory. Specifically, FRE Rule 413(d)(1) clearly defines "sexual assault" as "any conduct prohibited by 18 U.S.C. chapter 109A." Chapter 109A includes definitions under 18 U.S.C. §2246, which covers both sexual acts and sexual conduct, including intentional touching of the breast.

While the conduct underlying the 1979 conviction is legally admissible, defendant disputes that the alleged conduct in 1986 falls within 18 U.S.C. §2246(3). This incident involved an attempted photo shoot of a thirteen-year old girl. Hardeman pleaded *nolo contendere* to one misdemeanor count of Annoying or Molesting a Child, a plea which was later withdrawn. Unlike FRE Rule 413, however, FRE Rule 414, applicable only to children under the age of fourteen, includes the admission of an *attempt* to engage in sexual conduct prohibited by 18 U.S.C. chapters 109A and 110. Chapter 110 includes prohibiting the production of any visual depiction of such sexually explicit conduct. 18 U.S.C. § 2251(a). The definition of "sexually explicit conduct" includes the graphic exposure of the pubic area. 18 U.S.C. 2256(2)(B)(iii). As the photo shoot was not completed, it is unclear whether it would have resulted in such exposure. However, following the defendant's arrest as a result of this incident, three photos of young women who appeared to be naked were found during a consent search of his home. These photos suggest the defendant did have the intent to photograph the young victim naked. In agreeing to pick her up from her home, he engaged in a significant step towards the completion of the crime, and the conduct thus qualifies for admission under FRE Rule 414.

Defendant contends that, even if the conduct qualifies under FRE Rules 413 and 414, it

should not be admitted under the balancing test applied in FRE Rule 403. The evidence is certainly relevant to the charged conduct, as it involves completed or attempted sexual abuse of a minor. The conduct shows the defendant has the propensity to commit the charged crime, which is admissible in cases of sexual assault. *See* FRE Rules 413, 414; *see also United States v. LeMay*, 260 F.3d 1018, 1025-26 (9th Cir. 2001) (prior child molestation admitted as propensity evidence); *United States v. Redlightning*, 624 F.3d 1090, 1119-20 (9th Cir. 2010) (admitting prior sexual assault). Weighing the factors articulated by the Ninth Circuit in *Doe ex rel Rudy–Glanzer v. Glanzer* does not change this conclusion. The alleged conduct is sufficiently similar to the charged conduct, as all acts involved the defendant isolating a young girl for the purpose of engaging in sexually explicit acts. While the passage of time since the previous acts is great, no intervening circumstances have taken place that weigh against the admission of this evidence. While the government only seeks to admit a limited number of prior acts, the Martikan declaration accompanying this motion suggests the conduct did happen with relative frequency. *See LeMay*, 260 F.3d at 1029 (finding sufficient frequency with one prior rape conviction and taking note of an additional prior incident the government did not introduce at trial). Finally, the evidence is relevant to corroborate the alleged victim's allegations. While admission of evidence in the form of testimony may take additional time at trial, any delay is not "undue." Just as the defendant must be permitted to challenge the alleged victim's credibility on cross-examination, the government must be able to rebut the suggestion that the alleged victim fabricated her accusations. Thus, this evidence is admissible under the balancing test required by FRE Rule 403.

      Defendant further argues that, even if the underlying conduct is admissible under FRE Rules 413 and 414, the convictions themselves cannot be introduced under FRE Rule 410. This Rule makes inadmissible guilty pleas that are later withdrawn and pleas of *nolo contendere*. FRE 410(a)(1)-(2). California Penal Code § 1203.4, however, makes clear that a prior conviction based on a withdrawn guilty plea is admissible in a subsequent prosecution of any other offense. Thus, defendant's 1979 conviction, based on a withdrawn guilty plea, is

admissible in defendant's present prosecution.  In support of his argument against the admissibility of his 1986 *nolo contendere* plea and the resulting conviction, defendant relies on *Nguyen*, in which the Ninth Circuit held that a *nolo contendere* plea or a conviction based on that plea is inadmissible to prove the "pleader actually committed the underlying crimes charged." 465 F.3d 1128, 1131 (9th Cir. 2006).  It left open the possibility, however, that the plea may be used for other purposes.  In *Brewer v. City of Napa*, 210 F.3d 1093 (9th Cir. 2000), the Ninth Circuit found that FRE Rule 410 did not bar the use of a conviction based on a plea of *nolo contendere* for impeachment under FRE Rule 609.  Additionally, in light of the fact that the conduct underlying the 1979 and 1986 convictions is admissible, as is the 1979 conviction itself, no prejudice results from the admission the 1986 *nolo contendere* conviction.[2]  It follows that defendant's motion to bifurcate trial on Counts One and Two would be unnecessary.  *See* Fed. R. Crim. Proc. 14(a).

Finally, defendant's request a two-month continuance should this conduct be admitted.  That request is meritless.  Defendant has been aware all along that the government would seek to admit this evidence at trial.  Any prejudice as a result of its admission is thus only due to defendant's assumption that he would win on his motion to exclude this conduct, and his failure to prepare in the event the government prevailed instead.  Defendant's last minute request for a continuance is therefore denied.

IT IS SO ORDERED.

Dated: 7/16/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] The Government also states this conviction is relevant in showing defendant's duty to register under 2260A with respect to Count Two.  FRE Rule 410 does not bar the fact of the conviction in this circumstance, as it is used to show his duty, not guilt.  *See United States v. Adedoyin*, 369 F.3d 337, 343-44 (3d. Cir. 2004) (*citing Brewer v. City of Napa*, 210 F.3d 1093 (9th Cir. 2000)) (holding convictions based on pleas of *nolo contendere* are admissible to prove the fact of conviction, not of guilt).